1
2
3
4
5
6
7
8

Marc S. Williams (Bar No. 198913)
E-mail: mwilliams@cohen-williams.com
Reuven L. Cohen (Bar No. 231915)
E-mail: rcohen@cohen-williams.com
Brittany L. Lane (Bar No. 323440)
E-mail: blane@cohen-williams.com
Youngbin Son (Bar No. 324547)
E-mail: yson@cohen-williams.com
**COHEN WILLIAMS LLP**
724 South Spring Street, Ninth Floor
Los Angeles, CA 90014
Telephone:   (213) 232-5160
Facsimile:   (213) 232-5167

9
10

Attorneys for Third-Party Defendants,
JONA S. RECHNITZ and RACHEL RECHNITZ

11
12

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

13
14
15
16

DAVID ROVINSKY LLC, a Delaware
limited liability company,

        Plaintiff,

17
18
19

PETER VOUTSAS aka PETER MARCO
aka PETER VOUTSAS, aka PETER
MARCO EXTRAORDINARY JEWELS
OF BEVERLY HILLS, dba PETER
MARCO LLC,

20
21
22

        Defendants/Third-Party Plaintiffs,

vs.

23
24
25

JONA S. RECHNITZ, an individual;
RACHEL RECHNITZ, an individual;
LEVIN PARDO aka LEVON PRADO, an
individual,

26

        Third-Party Defendants.

27
28

Case No. 2:20-cv-02580-ODW-AS

**THIRD-PARTY DEFENDANTS JONA
S. RECHNITZ AND RACHEL
RECHNITZ'S REPLY IN SUPPORT
OF MOTION FOR STAY OF
PROCEEDINGS; SUPPLEMENTAL
DECLARATION OF REUVEN L.
COHEN**

Date:          June 15. 2020
Time:          1:30 p.m.
Courtroom      5D

---

**THIRD-PARTY DEFENDANTS' REPLY ISO MOTION FOR STAY OF PROCEEDINGS**

# **TABLE OF CONTENTS**

I.      INTRODUCTION ....................................................................................... 1

II.     ARGUMENT ............................................................................................... 2

        A.      Peter Marco's "Statement of Facts" Contains Objectionable and
                Misleading Allegations and Characterizations................................. 2

        B.      The Interests of Justice Require a Stay of the Proceedings. ........................ 4

                1.      The first *Keating* factor—the extent to which Rechnitz
                        Defendants' Fifth Amendment rights are implicated—
                        favors a stay. ...................................................................... 4

                2.      Any prejudice to Peter Marco as a result of a stay is
                        overblown and does not outweigh the other factors............................ 7

                3.      The remaining factors favor a stay. ...................................... 8

        C.      The Pending Bankruptcy Proceeding Favors a Stay. ................................... 10

III.    CONCLUSION ........................................................................................... 12

1

2

## TABLE OF AUTHORITIES

**CASES**

*Applied Materials, Inc. v. Semiconductor Spares, Inc.*
  Nos. C95-20129RMW(EAI), C95-20156RMW(PVT), 1995 WL
  261451 (N.D. Cal. Apr. 26, 1995) ...................................................................4, 5

*C.M. by & through McLain v. City of Los Angeles*
  No. 17-CV-05135-VAP-AGRx, 2017 WL 10527380 (C.D. Cal. Oct. 19, 2017) ..............5

*Clifford v. Trump*
  No. CV 18-02217 SJO (FFM), 2018 WL 3435419 (C.D. Cal. Apr. 27, 2018) ................5

*Consumer Fin. Prot. Bureau v. Global Fin. Support, Inc.*
  No. 15-CV-02440-GPC-WVG, 2016 WL 2868698 (S.D. Cal. May 17, 2016) ...............5

*Doe ex rel. Rudy–Glanzer v. Glanzer*
  232 F.3d 1258 (9th Cir. 2000) .............................................................................6

*Franco v. City of W. Covina*
  No. EDCV 18-2587-JGB (SHKx), 2019 WL 6794203 (C.D. Cal. July 5, 2019) .............5

*IBM v. Brown*
  857 F. Supp. 1384 (C.D. Cal. 1994) .....................................................................9

*In re Atkins*
  176 B.R. 998 (Bankr. D. Minn. 1994) .................................................................10

*In re Jadelle Jewelry and Diamonds, LLC*
  No. 20-bk-13530-BR (C.D. Cal. May 19, 2020) ...............................................11, 12

*Jones v. Conte*
  No. C 04-5312 SI, 2005 WL 1287017 (N.D. Cal. Apr. 19, 2005) ...................................10

*Keating v. Office of Thrift Supervision*
  45 F.3d 322 (9th Cir. 1995).................................................................................4

*Larsen v. City of Los Angeles*
  No. CV1204392GAFAJWX, 2012 WL 12887557 (C.D. Cal. Aug. 3, 2012)....................8

*Leyva v. Certified Grocers of Cal., Ltd.*
  593 F.2d 857 (9th Cir. 1979)..............................................................................11

*Pinnock v. Doe*
  No. 2:14-CV-05551-ODW, 2014 WL 4679007 (C.D. Cal. Sept. 19, 2014) ...............6, 10

*Securities & Exchange Comm'n v. Dresser Indus., Inc.*
  628 F.2d 1368 (D.C. Cir. 1980) ...........................................................................4

*Taylor, Bean & Whitaker Mortg. Corp. v. Triduanum Fin., Inc.*
  No. 2:09-CV-0954 FCD EFB, 2009 WL 2136986 (E.D. Cal. July 15, 2009) ..................9

ii

**STATUTES**

11 U.S.C. § 362 ................................................................................................ 11

**THIRD-PARTY DEFENDANTS' REPLY ISO MOTION FOR STAY OF PROCEEDINGS**

# I.   <u>INTRODUCTION</u>

Peter Marco's oversized Opposition only emphasizes why Rechnitz Defendants' Motion for Stay should be granted.[1]   While simultaneously claiming any threat of criminal prosecution is speculative because no indictment has been returned, Marco continuously alleges that the conduct underlying this lawsuit is criminal.  (*See, e.g.*, Dkt. 48 [Opp.] at 2 ("In truth, Jadelle was a mere front for Jona and Rachel Rechnitz to run their fraudulent enterprise . . . ."), 14, n. 9 ("Even if, as Marco contends, all Rechnitz Defendants engaged in conduct that constitutes crimes . . . .").)  This is precisely why a stay is necessary—the government is investigating allegations relating to Rechnitz Defendants' jewelry business, including allegations Peter Marco made in the Amended Third-Party Complaint.

Peter Marco's Opposition heavily relies on the misleading argument that, because no indictment has been returned, any stay would be indefinite.  This argument is unsupported by the law and the facts.  Legally, many courts, including this one, have found a stay to be appropriate prior to the return of an indictment if, upon consideration of various factors, the court determines that the balance of those factors weighs in favor of a stay.  Here, where Rechnitz Defendants' Fifth Amendment rights are unquestionably implicated and the prejudice to Rechnitz Defendants is manifest, the balance of factors favors a stay.  Rechnitz Defendants are not requesting an unlimited stay.  They seek a limited 6-month stay, at which point they request a status conference to discuss the necessity of any further stay.  Such a limited request greatly alleviates any claimed prejudice to Peter Marco.

A stay is further warranted in light of the pending bankruptcy proceeding initiated by Peter Marco and others against Jadelle LLC.  Peter Marco has brought his claims to multiple forums, where he has taken inconsistent positions, such as to whom jewelry was consigned.  This attempt to recover against different parties in different forums for the exact same claims is pure gamesmanship.  Accordingly, fairness, on top of Rechnitz

---

[1] David Rovinsky argues that a stay of Peter Marco's claims against Third-Party Defendants should not affect his claims against Peter Marco.  Rechnitz Defendants agree and do not seek a stay of Rovinsky's claims.

**THIRD-PARTY DEFENDANTS' REPLY ISO MOTION FOR STAY OF PROCEEDINGS**

Defendants' Fifth Amendment rights, favors a stay pending completion of the bankruptcy proceeding, to the extent any claims are not automatically stayed by that proceeding.

## II. ARGUMENT

### A. Peter Marco's "Statement of Facts" Contains Objectionable and Misleading Allegations and Characterizations.

The 9 pages of Peter Marco's Opposition purporting to be a "Statement of Facts" are actually comprised of unsupported assertions, irrelevant allegations, and ad hominem attacks (mostly related to the irrelevant and inadmissible criminal history of one of the defendants) in an attempt to distract the Court from the issue at hand: whether a stay would serve the interests of justice. While most of Marco's "factual" claims are not worth addressing, two issues must be addressed.

*First*, Peter Marco's attempts to re-write the declarations of Reuven Cohen that were submitted in support of motions to stay filed in this case, in a state civil suit filed by Victor Franco Noval, and in a state civil suit filed by Sam Gorodistian, are disingenuous and misleading. Contrary to Marco's claims (Opp. at 6-8), Mr. Cohen never tailored his declarations to imply that the Beverly Hills Police Department confirmed there were separate investigations into separate allegations related to Noval, Gorodistian, and now Peter Marco. Instead, each of Mr. Cohen's declarations specifically stated that he was alerted to the possibility of a criminal investigation into allegations related to Rechnitz Defendants' jewelry business through a draft complaint that was sent to him on February 4, 2020 by Noval's lawyer. (*See* Dkt. 48 [Decl. of Baruch Cohen in support of Opp. ("B. Cohen Decl.")], Exhs. 2 at 13-14, 3 at 14; Dkt. 47 [Decl. of Reuven Cohen in support of Motion ("R. Cohen Decl.")] at 2.) The allegations made in the draft Noval complaint, just like the allegations made by Peter Marco in this action, were related to alleged fraud with respect to the manner in which Rechnitz Defendants' jewelry business operated. (*See* B. Cohen Decl., Exh. 2 at 20-32.) Upon becoming aware of a potential investigation into such operations by Noval's draft complaint, Reuven Cohen contacted the Beverly Hills Police Department and confirmed that allegations related to the fraud claims surrounding Rechnitz

**THIRD-PARTY DEFENDANTS' REPLY ISO MOTION FOR STAY OF PROCEEDINGS**

Defendants' jewelry business had been referred to the FBI.  This was true each time Reuven Cohen stated it in a declaration, and it remains true now.

Not only are Peter Marco's attempts to distort the language of the declarations misleading, they are evidence of Marco's pattern of taking inconsistent positions to gain a tactical advantage in front of this Court.  Prior to filing the Opposition, Peter Marco had alleged a singular scheme to defraud involving Rechnitz Defendants' jewelry business—a scheme which had numerous victims.  Indeed, Peter Marco pled that both Noval and Gorodistian were victims of such a scheme.  (Dkt. 39 [Amended Third-Party Complaint ("Complaint")] at ¶¶ 57, 59 (referring to them as "one of Jona's recently defrauded victims" and "another one of Jona's defrauded victims").)  Indeed, Peter Marco affirmed this position in his Opposition.  (*See, e.g.*, Opp. at 2, n.1 (". . . Jona continues to use and control Jadelle to defraud scores of innocent parties.  Marco is just one of the recently defrauded parties.").)  Moreover, Peter Marco made allegations in both the Amended Third-Party Complaint and the Opposition regarding checks made out to Noval.  (*See* Complaint at ¶ 14; Opp. at 5-6).)  While these allegations are wholly irrelevant to any claims Peter Marco may have against Rechnitz Defendants, the only possible explanation for their inclusion is if Peter Marco believes those checks were related to one scheme to defraud—of which both Peter Marco and Noval were alleged victims.

Marco now claims that any potential fraud giving rise to investigation of Rechnitz Defendants or their jewelry business could only involve one victim—Noval, Gorodistian, or Peter Marco.  This argument is intellectually dishonest and factually incorrect, as the criminal investigation is not limited to any one litigant's claims.  But more importantly, the argument is irrelevant, because the criminal investigation without question involves the allegations made by Peter Marco in this action, which is what matters for this Motion.  (*See* Supplemental Decl. of Reuven Cohen ("Supp. R. Cohen Decl.") at ¶ 3.)

***Second***, Peter Marco misrepresents the nature of the meet and confer correspondence leading up to this Motion.  Marco alleges that the meet and confer was "patently deceptive and misleading."  (Opp. at 10.)  In support of this contention, he claims that Rechnitz

Defendants' counsel claimed to be made aware of a police report from "a soon-to-be-filed new plaintiff" and "felt the need to hide the identity of Noval's counsel." (Opp. at 10.) Such allegations are baseless and contradicted by the entirety of the meet and confer correspondence, which shows that Rechnitz Defendants' counsel merely informed Marco's counsel that they initially became aware of a criminal investigation through a draft complaint of a litigant in a different case (Noval), and upon request by Marco's counsel for more information about that draft complaint, Rechnitz Defendants' counsel immediately provided it. (Supp. R. Cohen Decl. at ¶ 4, Exh. A.)[2] Nothing about that is deceptive or misleading.

## B.    The Interests of Justice Require a Stay of the Proceedings.

While not constitutionally required, it has long been held that a court has the discretion to stay civil proceedings pending related criminal proceedings when the interests of justice require it. *Keating v. Office of Thrift Supervision*, 45 F.3d 322, 324 (9th Cir. 1995) (quoting *Securities & Exchange Comm'n v. Dresser Indus., Inc.*, 628 F.2d 1368, 1375 (D.C. Cir. 1980)). Peter Marco concedes that the factors in *Keating* apply in determining whether to exercise that discretion. (Opp. at 11:26 – 12:7.) But, his application of those factors misses the mark.

1.    **The first *Keating* factor—the extent to which Rechnitz Defendants' Fifth Amendment rights are implicated—favors a stay.**

Contrary to Peter Marco's contentions, the absence of an indictment is not "fatal" to the Motion. In fact, the case on which Peter Marco relies in support of this position, *Applied Materials, Inc. v. Semiconductor Spares, Inc.*, actually supports Rechnitz Defendants' position. Nos. C95-20129RMW(EAI), C95-20156RMW(PVT), 1995 WL 261451, at *3 (N.D. Cal. Apr. 26, 1995). In *Applied Materials*, the district court found that, while implication of the defendant's Fifth Amendment rights would be stronger if an

---

[2] Peter Marco cherry-picked one email from the meet and confer correspondence. The entirety of that correspondence is attached as Exhibit A to the Supplemental Declaration of Reuven Cohen.

1    indictment had been returned, the defendant *did* indeed have Fifth Amendment rights

2    where there was a pending criminal investigation into the subject matter of the civil suit

3    and the defendant had not yet testified and waived any such right.  *Id.*  The court ultimately

4    denied the motion to stay, *not because no indictment had been returned*, but because after

5    considering the facts specific to that case, the court found that the defendant's Fifth

6    Amendment interest was outweighed by other factors.  *Id.* at 4.  This decision is in accord

7    with the many cases granting a stay pending a criminal ***investigation***.  *See, e.g.*, *Franco v.*

8    *City of W. Covina*, No. EDCV 18-2587-JGB (SHKx), 2019 WL 6794203, at *2 (C.D. Cal.

9    July 5, 2019) (granting stay of deposition and discovery related to officer's involvement in

10   shooting where authorities were reviewing legality of shooting, and noting "[while

11   defendant-officer's] Fifth Amendment rights are implicated to a lesser extent than they

12   would be if charges had been brought against him . . . this case is not one in which there is

13   an 'absence of any hint of criminal proceedings'"); *Clifford v. Trump*, No. CV 18-02217

14   SJO (FFM), 2018 WL 3435419, at *3, 6 (C.D. Cal. Apr. 27, 2018) (granting 90-day stay in

15   light of ongoing criminal investigation, scheduling status conference at expiration of those

16   90 days, and noting that "there [was] a large potential factual overlap between the civil and

17   criminal proceedings that would heavily implicate [defendant's] Fifth Amendment rights");

18   *C.M. by & through McLain v. City of Los Angeles*, No. 17-CV-05135-VAP-AGRx, 2017

19   WL 10527380, at *2 (C.D. Cal. Oct. 19, 2017) ("[T]he Court may still order a stay if there

20   is substantial overlap between the criminal investigation and the allegations in the

21   lawsuit."); *Consumer Fin. Prot. Bureau v. Global Fin. Support, Inc.*, No. 15-CV-02440-

22   GPC-WVG, 2016 WL 2868698, at *3 (S.D. Cal. May 17, 2016) (granting 120-day stay and

23   setting status conference to determine necessity of further stay in light of ongoing

24   investigation by IRS and FBI).

25        Here, there is no doubt Rechnitz Defendants' Fifth Amendment rights are implicated.

26   Both local and federal law enforcement officers have confirmed that a criminal

27   investigation relating to Rechnitz Defendants' jewelry business exists.  Moreover, the

28   conduct alleged by Peter Marco in this very case directly overlaps with the pending

5

**THIRD-PARTY DEFENDANTS' REPLY ISO MOTION FOR STAY OF PROCEEDINGS**

criminal investigation.[3] (Suppl. R. Cohen Decl. ¶ 3.)  This is unsurprising given that Marco has continuously alleged in public filings that Rechnitz Defendants engaged in a pattern of criminal conduct involving multiple victims.

As this Court noted in *Pinnock v. Doe*, in a situation like this, "a civil defense and remaining silent are mutually antagonistic choices."  No. 2:14-CV-05551-ODW, 2014 WL 4679007, at *3 (C.D. Cal. Sept. 19, 2014) (finding extent to which defendant's Fifth Amendment rights were implicated justified a 90-day stay of case to determine whether District Attorney's investigation would turn to prosecution, and noting that once 90-day period expired, defendant was required to file a status report regarding District Attorney's investigation and permitted to file a motion to stay the case further).  "Choosing one necessarily results in giving up the other."  *Id.*  Because the trier of fact in a civil matter can draw adverse inferences from the invocation of the Fifth Amendment, *Doe ex rel. Rudy– Glanzer v. Glanzer,* 232 F.3d 1258, 1264 (9th Cir. 2000), invoking the Fifth in this civil matter will effectively require Rechnitz Defendants "to forfeit any defenses in this action." *Pinnock*, 2014 WL 4679007, at *3.  Alternatively, defending the civil action would require Rechnitz Defendants to make statements in response to Peter Marco's allegations, and those statements "would certainly be fodder for a later criminal prosecution."  *Id.*  As this Court has stated, "[t]his leads to the inevitable question of whether a civil defendant in a situation like [Rechnitz Defendants] really does have a voluntary and intelligent 'choice' when neither option can save the defendant from either civil or criminal liability."  *Id.*

Importantly, and contrary to Peter Marco's assertions, the requested stay is not unlimited.  Instead, Rechnitz Defendants are seeking only a 6-month stay, at which point the criminal investigation may be closed.  Such a stay is reasonable and necessary to protect Rechnitz Defendants' Fifth Amendment interests.  *See Pinnock*, 2014 WL 4679007, at *3 ("Court notes that this factor is slightly less pressing in this case because the Los

---

[3] Rechnitz Defendants intend to file an *ex parte* application seeking the Court's approval to file, *in camera*, a declaration from counsel containing further support for a stay, including more details relating to the criminal investigation.

**THIRD-PARTY DEFENDANTS' REPLY ISO MOTION FOR STAY OF PROCEEDINGS**

Angeles County District Attorney has not yet charged Andrew with any crime. But the short, 90–day stay Andrew requests counterbalances any weakness in this factor. In fact, the Court can and will order that the stay will terminate either at the end of 90 days or if the District Attorney announces that it will not prosecute Andrew, whichever occurs first. The stay, therefore, might well be shorter than 90 days depending upon the outcome of the District Attorney's investigation."). Thus, the first *Keating* factor favors a stay.

### 2. Any prejudice to Peter Marco as a result of a stay is overblown and does not outweigh the other factors.

Peter Marco first argues that he will be prejudiced by a stay because the requested stay is essentially indefinite. As explained above, this is false. Rechnitz Defendants are requesting a limited 6-month stay. At the expiration of those 6 months, the Court would not be required to grant another stay. Instead, if a further stay is requested, which may not be the case, the Court would only be required to conduct the same fact-intensive analysis and weigh the various factors to determine whether a further stay is warranted.

Peter Marco also argues that he will be prejudiced because a stay could prevent him from "obtaining critical evidence regarding Rechnitz's fraudulent schemes, including the identities of persons who may have assisted in or have knowledge of Rechnitz's fraudulent activities." (Opp. at 17.) This argument rings hollow. Should Peter Marco seek discovery regarding "fraudulent schemes," counsel for Rechnitz Defendants would likely advise them to invoke the Fifth Amendment. Thus, Peter Marco would likely not obtain any information that he does not already have. Moreover, Peter Marco has failed to show any likelihood that other individuals were actually involved in the alleged scheme. His own allegations suggest otherwise. For instance, Marco would necessarily already know those individuals who allegedly breached the contract and made the alleged intentional misrepresentations claimed in this case.

Peter Marco's concerns about fading memories and loss of evidence are overblown, given the limited duration of the requested stay. And Rechnitz Defendants are already

7

preserving documents related to this litigation, so there is no concern that documentary evidence will become unavailable.

Finally, Peter Marco argues that "delaying this case until criminal proceedings have concluded will almost certainly prevent Marco from fully recovering its losses, since a significant portion of the very funds that were fraudulently obtained from Marco will likely be used to defend Rechnitz's criminal action." (Opp. at 18.)  However, only two paragraphs earlier in the Opposition, Marco argues a stay shouldn't be granted because "the possibility of an indictment is largely speculative." (*Id.* at 17.)  Marco cannot simultaneously argue that an indictment is so speculative as to require a denial of a stay while also claiming that a denial is warranted because it is practically a certainty that Rechnitz Defendants will be indicted and will need to use any funds available to satisfy a *potential* civil judgment to defend themselves in the criminal action.

As Rechnitz Defendants stated in their Motion, the only obvious prejudice to Peter Marco is the delay in recovery of a *potential* monetary judgment.  Such a delay "is not sufficient prejudice to warrant denial of a stay." *Larsen v. City of Los Angeles*, No. CV1204392GAFAJWX, 2012 WL 12887557, at *9 (C.D. Cal. Aug. 3, 2012).  And any inconvenience to Marco is alleviated by the limited duration of the requested stay and outweighed by the other factors, including the paramount importance of preserving Rechnitz Defendants' constitutional rights.

### 3.    The remaining factors favor a stay.

On balance, the remaining *Keating* factors weigh in favor of a stay.

First, the burden imposed by the proceedings on Rechnitz Defendants favors a stay. Peter Marco does not refute that absent a stay, Rechnitz Defendants will be severely prejudiced as they will be forced to choose between essentially ceding to a multi-million-dollar civil judgment or forfeiting their Fifth Amendment rights.  Additionally, proceeding in this matter could require the production of discovery and the disclosure of potential defenses to any criminal allegations, neither of which the government would otherwise be

entitled to in advance of a criminal trial.  None of Marco's so-called "less drastic" measures do anything to mitigate the prejudice to Rechnitz Defendants of proceeding without a stay.

Second, the efficient use of judicial resources favors a stay.  As noted in the Motion, courts have recognized that a stay can maximize efficiency when the case is still in an early stage.  *See*, *e.g.*, *Taylor, Bean & Whitaker Mortg. Corp. v. Triduanum Fin., Inc.*, No. 2:09-CV-0954 FCD EFB, 2009 WL 2136986, at *4 (E.D. Cal. July 15, 2009) (finding that where "no scheduling order has been issued, and no dispositive motions have been filed . . . [s]taying the case makes efficient use of judicial resources by 'insuring that common issues of fact will be resolved and subsequent civil discovery will proceed unobstructed by concerns regarding self-incrimination").  Peter Marco does not address this argument.  Instead, he again makes the straw man argument that because no indictments have been returned, any stay would be indefinite.  Rechnitz Defendants have already explained why this argument fails, as an indictment is not a requirement for a stay and the requested stay is of a limited duration.  Peter Marco suggests a stay may be appropriate should indictments be returned.  *See* Opp. at 14, n. 10 (noting "[i]f indictments are eventually returned against any Rechnitz Defendants, the parties and, [sic] if necessary, the Court can then consider whether a stay is appropriate under *Keating*, and if so, what the scope of such a stay should be").  But this is an inefficiency Rechnitz Defendants are trying to avoid.  At that point, considerable resources will have been expended disputing discovery requests, litigating the scope of the Fifth Amendment privilege, and preparing for trial.  Efficiency favors a stay now.

Peter Marco also claims a stay would disrupt the Court's calendar.  (Opp. at 21.)  In support of this argument, he cites to *IBM v. Brown*, 857 F. Supp. 1384, 1389 (C.D. Cal. 1994).  Marco fails to note that the *IBM* case was in a completely different posture at the time of the requested stay.  Indeed, the defendants in *IBM* filed their motion to stay *less than three weeks* before the civil trial date.  *IBM*, 857 F. Supp. at 1389.  Moreover, the defendants in that case had already testified at a deposition, rendering the Fifth Amendment privilege "negligible."  *Id.* at 1390.  Regardless, this Court has noted that "the courts exist

9

to mete out justice—not solely to clear out cases." *Pinnock*, 2014 WL 4679007, at *4. "If judicial efficiency and a party's constitutional rights are at loggerheads, surely the latter must prevail lest the Court exalt procedure over substance." *Id.* Thus, the interests of judicial efficiency weigh in favor of a temporary stay.

Peter Marco does not address the *Keating* factor of whether persons not parties to this action will be adversely impacted by the proposed stay. This factor weighs in favor of a stay. The only non-parties who could conceivably be impacted by the stay are the government and the two other petitioning creditors involved in the involuntary bankruptcy petition filed against Jadelle LLC. As discussed in the Motion, neither the government nor the petitioning creditors would be adversely impacted by a stay. The government has indicated that it supports a stay of matters related to the criminal investigation. (*See* Cohen Decl., ¶ 11.) And with respect to the petitioning creditors, should they be successful in forcing Jadelle LLC into involuntary bankruptcy, they would surely benefit from having their claims considered prior to the claims at issue in this case. Peter Marco should understand that, as he is one of the petitioning creditors. This factor also weighs in favor of a stay.

Finally, the interests of the public favor a stay. *See Jones v. Conte*, No. C 04-5312 SI, 2005 WL 1287017, at *2 (N.D. Cal. Apr. 19, 2005) ("[T]he public interest is furthered by a stay because 'the public's interest in the integrity of the criminal case is entitled to precedence over the civil litigant.'"). Thus, the balance of factors weighs in favor of a stay.

## C.   The Pending Bankruptcy Proceeding Favors a Stay.

Peter Marco misconstrues the nature of Rechnitz Defendants' request for a stay in light of the pending bankruptcy proceeding. As a threshold matter, Marco's assertion that Mr. Rechnitz was required to file a motion for a stay with the bankruptcy court is inaccurate. "The automatic stay in bankruptcy comes into existence as a matter of law; it is self-effectuating." *In re Atkins*, 176 B.R. 998, 1004 (Bankr. D. Minn. 1994). If Peter Marco wants to pursue a lawsuit in violation of the automatic stay, then he is required to seek relief from the bankruptcy court.

The automatic stay prevents the pursuit of any action to "recover a claim against the debtor . . ." or "any act to obtain possession of property of the estate . . . ."  11 U.S.C. § 362.  When Peter Marco filed the involuntary bankruptcy petition against Jadelle LLC, it triggered the automatic stay.  Rechnitz Defendants are not asserting that the automatic stay necessarily extends to all causes of action before this Court.  However, any claim seeking to recover, collect from, or take possession of property in which the debtor has an interest would automatically be stayed.  For instance, to the extent Peter Marco's request in this action "for a constructive trust over the Consigned Jewelry and all proceeds therefrom" (Complaint at 41, ¶ 5) involves property that he alleges belongs to the putative debtor, it would be subject to the automatic stay.  Rechnitz Defendants thus believe the Court should stay the proceedings as to any other claims to avoid piecemeal litigation of Peter Marco's allegations—in addition to the Fifth Amendment reasons for staying this case.

Additionally, Rechnitz Defendants request a stay pending resolution of the bankruptcy matter in the interest of fairness.  *See Leyva v. Certified Grocers of Cal., Ltd.*, 593 F.2d 857, 863 (9th Cir. 1979) ("A trial court may, with propriety, find it is efficient for its own docket and the fairest course for the parties to enter a stay of an action before it, pending resolution of independent proceedings which bear upon the case.").  Peter Marco has attempted to game the system by essentially pursuing the same claim before this Court and the bankruptcy court, while taking inconsistent positions in both forums.  In this action, Marco alleges that he consigned the jewelry at issue ***to Mr. Rechnitz***.  (*See, e.g.*, Complaint at ¶ 33 ("At the time, Marco had no reason to believe that the $6,950,444.40 consignments with ***Rechnitz*** would be in jeopardy . . . ." (emphasis added).)  However, in an effort to prove its supposedly "undisputed" claim against Jadelle in the bankruptcy proceeding, Peter Marco recently testified that he consigned the same items to Jadelle—not Mr. Rechnitz.  (*See, e.g.*, (Declaration of Peter Marco in Support of Petitioning Creditors' Motion for Appointment of Interim Chapter 7 Trustee at ¶ 6, *In re Jadelle Jewelry and Diamonds, LLC*, No. 20-bk-13530-BR (C.D. Cal. May 19, 2020), ECF No. 17 ("At the time, I had no reason to believe that the $6,950,44.40 in consignments with ***Jadelle*** would

11

be in jeopardy . . . .") (emphasis added).)[4]  In fact, Marco essentially copied and pasted the same allegations, only changing the name of the consignee.

Because it is clear that, according to Peter Marco, the consigned jewelry at issue in this case is the same consigned jewelry that Peter Marco stakes his claim to in the bankruptcy proceeding, and because he is attempting to pursue these claims under different theories in two different forums, fairness, on top of the automatic stay and Rechnitz Defendants' Fifth Amendment concerns, supports a stay of this civil action.  And in fact, Peter Marco's Opposition seems to support a stay as well.  (*See* Opp. at 24 ("While it is true that Marco's *Third-Party Complaint* requests the imposition of a constructive trust against the Rechnitz Defendants, who are in possession of the Consigned Jewelry set forth in the Consignment Memos and for an order and judgment that they hold the consigned jewelry and/or all proceeds therefrom as constructive trustees for the benefit of Marco*, the ultimate disposition of Marco's claims to the Consigned Jewelry lies with the Bankruptcy Court to decide, not with this Court*." (emphasis added)).)  Therefore, Rechnitz Defendants respectfully request that this Court grant a stay.

## III.   <u>CONCLUSION</u>

For the foregoing reasons, Rechnitz Defendants respectfully request that the Court stay prosecution of Peter Marco's claims in this action against Rechnitz Defendants for six months, at which point Rechnitz Defendants request a status conference to determine whether a further stay is warranted.

---

[4] Peter Marco's declaration also casts serious doubts on his claim in this case that he ever consigned jewelry to Mr. Rechnitz, individually.  Marco attached a version of a memorandum that he submitted to Jadelle LLC for certain pieces of jewelry to his declaration before the bankruptcy court, representing it was a true and correct copy.  As evidenced by Jadelle LLC's carbon copy of the same invoice, which was filed as an exhibit in the bankruptcy matter, Marco had added information to the invoice *after* a Jadelle LLC employee had signed the memorandum.  (*Compare* Declaration of Peter Marco, Exh. A at 20, *In re Jadelle Jewelry and Diamonds, LLC*, No. 20-bk-13530-BR (C.D. Cal. May 19, 2020), ECF No. 17 *with* Putative Debtor's Index of Exhibits, Exh. 12 at 202.)  The changes made to the invoice included adding Mr. Rechnitz as a consignee, though the carbon copy shows Jadelle was the only consignee on the original agreement.

**THIRD-PARTY DEFENDANTS' REPLY ISO MOTION FOR STAY OF PROCEEDINGS**

Respectfully submitted,

Dated:  June 1, 2020                    **COHEN WILLIAMS LLP**


By:  */s/ Marc S. Williams*
        Marc S. Williams
        Reuven L. Cohen
        Brittany L. Lane
        Youngbin Son

        *Attorneys for Third-Party Defendants,*
        *JONA S. RECHNITZ and RACHEL*
        *RECHNITZ*

**THIRD-PARTY DEFENDANTS' REPLY ISO MOTION FOR STAY OF PROCEEDINGS**

## SUPPLEMENTAL DECLARATION OF REUVEN L. COHEN

I, Reuven L. Cohen, declare as follows:

1.      I am over the age of eighteen and am an attorney duly licensed to practice law in the State of California.  I am a partner at Cohen Williams LLP and attorney of record for Third-Party Defendants Jona S. Rechnitz and Rachel Rechnitz (collectively, "Rechnitz Defendants") in the above-captioned action.

2.      I make this supplemental declaration in support of Rechnitz Defendants' Motion for Stay of Proceedings ("Motion").  This declaration is based upon my personal knowledge and based on the files and records in this case.  If called upon to testify as to the matters set forth in this declaration, I could and would do so.

3.      For purposes of clarifying my previous declaration filed in support of the Motion, my firm was previously informed by an Assistant United States Attorney for the United States Attorney's Office, Central District of California, that the scope of the criminal investigation into the Rechnitz Defendants' jewelry business included, among other things, the allegations set forth by Peter Marco in his filings before this Court.  Should the Court wish to hear more details regarding the criminal investigation, Rechnitz Defendants intend to file an *ex parte* application for the Court's approval to file, *in camera*, an additional declaration that will provide more information about the investigation.

4.      For purposes of clarifying the record with respect to the meet and confer correspondence related to the Motion, a true and correct copy of that correspondence is attached hereto as Exhibit A.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on June 1, 2020, at Los Angeles, California.

By: _____

Reuven L. Cohen

**SUPPLEMENTAL DECLARATION OF REUVEN L. COHEN**

# EXHIBIT A

Case 2:20-cv-02580-ODW-AS    Document 55    Filed 06/01/20    Page 21 of 26    Page ID #:674



**Brittany Lane <blane@cohen-williams.com>**

---

## Re: PETER MARCO LLC VS RECHNITZ - USDC # 2:20-CV-02580-ODW-AS: FURTHER MEET & CONFER RE: RECHNITZ'S REQUEST TO STAY THIS PROCEEDING BECAUSE OF "THE PENDING CRIMINAL INVESTIGATION"

1 message

---

**Baruch Cohen** <baruchcohen@baruchcohenesq.com>        Sat, May 9, 2020 at 8:49 PM
Reply-To: bcc@baruchcohenesq.com
To: Brittany Lane <blane@cohen-williams.com>, BARUCH COHEN <baruchcohen@baruchcohenesq.com>
Cc: BARUCH COHEN <bcc@baruchcohenesq.com>, Marc Williams <mwilliams@cohen-williams.com>, Michael Schafler <mschafler@cohen-williams.com>, Reuven Cohen <rcohen@cohen-williams.com>

Sure

---
Baruch C. Cohen, Esq.
Law Office of Baruch C. Cohen, APLC
4929 Wilshire Boulevard, Suite 940
Los Angeles, CA 90010
Office (323) 937-4501 | Cell (323) 353-9535
Facsimile: (888) 316-6107
Email: baruchcohen@baruchcohenesq.com, bcc4929@gmail.com
www.BaruchCohenEsq.com
**_Notice of Ex Parte Hearings Will Not Be Accepted by Email_**
 American Trial Attorneys in Defense of Israel
 



**2013, 2015, 2016, 2017, 2018, 2019, & 2020** *Super Lawyers® is a registered trademark of Thomson Reuters*

This e-mail is covered by the Electronic Communications Privacy Act 18 U.S.C. 2510-2521 and is legally privileged. It is intended only for the use of the individual or entity to which it is addressed, and may contain information that is privileged, confidential and exempt from disclosure under applicable law. If you are not the intended recipient, any dissemination, distribution or copying of this communication is strictly prohibited. If you have received this communication in error, please notify us immediately by e-mail and destroy this communication.

On Sat, May 9, 2020 at 11:42 AM Brittany Lane <blane@cohen-williams.com> wrote:
> Mr. Cohen,
>
> While I disagree with your characterizations, I am happy to discuss your position during a meet and confer call on Monday. Does 11 a.m. work for you? If so, I will circulate a dial-in. If not, please let me know when you are available for a call.
>
> Best,
> Brittany
>
> Brittany L. Lane
> **COHEN WILLIAMS** LLP
> 724 South Spring Street, 9th Floor
> Los Angeles, CA 90014
> Tel: 213-232-5165
> Fax: 213-232-5167
> blane@cohen-williams.com
> www.cohen-williams.com

6/1/2020    2:20-cv-02580-ODW-AS PETER MARCO LLC V SRECHNITZ USDC # 2:20-CV-02580-ODW-AS FURTHER MEET & CONFER R...

Case 2:20-cv-02580-ODW-AS   Document 55   Filed 06/01/20   Page 22 of 26   Page ID #:675

On Fri, May 8, 2020 at 7:27 PM Baruch Cohen <baruchcohen@baruchcohenesq.com> wrote:
Via email: blane@cohen-williams.com

Brittany L. Lane, Esq.
Cohen Williams, LLP
724 South Spring Street, 9th Floor
Los Angeles, CA 90014

**Re: Peter Marco LLC vs Rechnitz - USDC # 2:20-cv-02580-ODW-AS: Further Meet & Confer re: Rechnitz's Request to Stay This Proceeding Because of "The Pending Criminal Investigation"-2**

Dear Ms. Lane:

Your statement that you were "alerted" to the existence of a criminal investigation by a separate litigant, whose draft complaint indicated that he had reported the defendants to the Beverly Hills Police Department ("BHPD"), was patently deceptive and misleading.

First, in response to my inquiries, you sent me a 2-4-2020 draft complaint from the Victor Franco Noval vs Rechnitz, LASC # 20SMCV00216 matter where a statement was made therein that Noval reported your clients to the police for the frauds they committed to him. The Noval complaint makes my point that I made to you earlier today; why should this Marco vs. Rechnitz matter be stayed because your clients are allegedly being criminally investigated in the Noval vs Rechnitz matter?

Second, you were not recently "alerted" by a soon-to-be filed new plaintiff about a police report. You've known about Noval's alleged police report since 2-4-2020.

Third, you were not alerted by a "draft complaint" but rather by Nova's filed complaint of 2-10-2020 which made the same claim.

Fourth, there was no need for you to hide the identity of Noval's counsel to me as you know we are both counsel to the petitioning creditors in the Jadelle involuntary bankruptcy: In re Jadelle Jewelry and Diamonds, LLC: USBC # 2:20-BK-13530-BR.

Fifth, your statement that my client: "has been driving around the neighborhood where Jona and Rachel Rechnitz reside, and that he followed Rachel in his car and stared her down through the window" is false. My client was returning merchandise to a vendor's son who lives on Bolton Road (around the corner from the Rechnitz's), parked his car in front of the client's son's home, when Rachel Rechnitz walked by pushing her stroller.  My client did not follow Rachel in his car, as his car was parked. My client's vendor's son witnessed the chance encounter.

Sixth, without the contact information of the Beverly Hills Police Department detective who allegedly informed you that the Marco vs. Rechnitz matter had been referred to the FBI, and without the contact information of the United States Attorney's Office for the Central District of California that there is a criminal investigation of your clients related to the Marco vs. Rechnitz matter, and who supports a stay of the Marco vs. Rechnitz matter, to verify your statements, you leave me with no evidence to properly evaluate your request for a stay.

If you still need to discuss this further, we can speak on Monday.

If you have any questions or comments regarding the above, please do not hesitate to call.

BCC
---
Baruch C. Cohen, Esq.
Law Office of Baruch C. Cohen, APLC
4929 Wilshire Boulevard, Suite 940
Los Angeles, CA 90010
Office (323) 937-4501 | Cell (323) 353-9535
Facsimile: (888) 316-6107
Email: baruchcohen@baruchcohenesq.com, bcc4929@gmail.com
www.BaruchCohenEsq.com
***Notice of Ex Parte Hearings Will Not Be Accepted by Email***
American Trial Attorneys in Defense of Israel





**2013, 2015, 2016, 2017, 2018, 2019, & 2020** *Super Lawyers® is a registered trademark of Thomson Reuters*
This e-mail is covered by the Electronic Communications Privacy Act 18 U.S.C. 2510-2521 and is legally privileged. It is intended only for the use of the individual or entity to which it is addressed, and may contain information that is privileged, confidential and exempt from disclosure under applicable law. If you are not the intended recipient, any dissemination, distribution or copying of this communication is strictly prohibited. If you have received this communication in error, please notify us immediately by e-mail and destroy this communication.

On Fri, May 8, 2020 at 6:43 PM Brittany Lane <blane@cohen-williams.com> wrote:

Mr. Cohen,

I am in receipt of your letter to Marc Williams.  I have attached the draft complaint we received that I identified in my prior email.  While we do not have a copy of any police report, Reuven Cohen from my firm spoke with a Detective Diamond concerning the matter, and was told that the department had referred the matter to the FBI. Thereafter, Reuven Cohen and I spoke with the AUSA assigned to the matter, who expressly asked not to have his name made public.  Our firm intends to honor the government's request on this score.

I have disclosed the basis for our motion to stay and have tried to schedule a meet and confer call.  In response, you sent a letter to a separate member of my firm questioning my veracity.  If you would prefer not to meet and confer, that is your choice.  If you would like to participate in a meet and confer call, please let me know what your availability is for this evening, this weekend, or Monday.  I am generally available and will do my best to accommodate your schedule.

Also, I have been informed that your client has been driving around the neighborhood where Jona and Rachel Rechnitz reside, and that he followed Rachel in his car and stared her down through the window.  This type of intimidation and harassment is wholly inappropriate.  Please ask him to cease this behavior immediately.

Best,
Brittany

Brittany L. Lane
**COHEN** WILLIAMS LLP
724 South Spring Street, 9th Floor
Los Angeles, CA 90014
Tel: 213-232-5165
Fax: 213-232-5167
blane@cohen-williams.com
www.cohen-williams.com

On Fri, May 8, 2020 at 4:55 PM Baruch Cohen <baruchcohen@baruchcohenesq.com> wrote:
**Via email: mwilliams@cohen-williams.com**

Marc S. Williams, Esq.
Cohen Williams, LLP
724 South Spring Street, 9th Floor
Los Angeles, CA 90014

**Re: Peter Marco LLC vs Rechnitz - USDC # 2:20-cv-02580-ODW-AS: Further Meet & Confer re: Rechnitz's Request to Stay This Proceeding Because of "The Pending Criminal Investigation"**

Dear Mr. Williams:

In response to Brittany L. Lane's letter of this date, she wrote:

"*With respect to the criminal investigation, we were alerted to the existence of this investigation by a separate litigant, whose draft complaint indicated that he had reported the defendants to the Beverly Hills Police Department ("BHPD").  A detective with the BHPD informed us that the matter had been referred to the FBI. We then confirmed with the United States Attorney's Office for the Central District of California ("USAO") that*

6/1/2020     Gmail - William DAY & MONIQUE DAY PETER MARCO LLC v SRECHNITZ / USDC #: 2:20-CV-02580-ODW-AS | FURTHER MEET & CONFER R...

Case 2:20-cv-02580-ODW-AS   Document 33   Filed 06/01/20   Page 24 of 26   Page ID #:677

*there is an investigation related to the jewelry business involving defendants. While the USAO did not disclose to us every detail of their investigation (which I assume you agree would be highly unusual), they informed us that they supported a stay of civil matters related to the jewelry business.*"

With all due respect to Ms. Lane, an unidentified litigant in a separate matter (not relating to this Marco vs. Rechnitz matter), with an undisclosed draft complaint, an unidentified BHPD detective who allegedly said that the separate litigant's matter was referred to the FBI, and an unidentified AUSAO who allegedly supports a stay of civil matters "related to the jewelry business" in general  (not relating to this Marco vs. Rechnitz matter) is woefully insufficient evidence for me to properly evaluate the merits of your request for a stay. First, I have not been contacted by any AUSAO requesting a stay. Second, why should this Marco vs. Rechnitz matter be stayed because your clients are being criminally investigated in another separate matter?

Notwithstanding my reservations as to the veracity of Ms. Lane's letter, and the relevance to this Marco vs. Rechnitz matter, and pursuant to USDC Local Rule 7-3's meet & confer requirement, please provide me with the following:

1. An un-redacted copy of the draft complaint that you received from the unidentified separate litigant that indicated that he had reported your clients to the Beverly Hills Police Department;

2. A copy of the BHPD report against your clients;

3. The contact information of the Beverly Hills Police Department detective who informed you that the Marco vs. Rechnitz matter had been referred to the FBI;

4. The contact information of the United States Attorney's Office for the Central District of California that there is a criminal investigation of your clients related to the Marco vs. Rechnitz matter, and who supports a stay of the Marco vs. Rechnitz matter.

Upon review of the above, I will further evaluate the stay request, and then we can discuss this matter further.

If you have any questions or comments regarding the above, please do not hesitate to call.

BCC

---
Baruch C. Cohen, Esq.
Law Office of Baruch C. Cohen, APLC
4929 Wilshire Boulevard, Suite 940
Los Angeles, CA 90010
Office (323) 937-4501 | Cell (323) 353-9535
Facsimile: (888) 316-6107
Email: baruchcohen@baruchcohenesq.com, bcc4929@gmail.com
www.BaruchCohenEsq.com
***Notice of Ex Parte Hearings Will Not Be Accepted by Email***
American Trial Attorneys in Defense of Israel



**2013, 2015, 2016, 2017, 2018, 2019, & 2020** *Super Lawyers® is a registered trademark of Thomson Reuters*

This e-mail is covered by the Electronic Communications Privacy Act 18 U.S.C. 2510-2521 and is legally privileged. It is intended only for the use of the individual or entity to which it is addressed, and may contain information that is privileged, confidential and exempt from disclosure under applicable law. If you are not the intended recipient, any dissemination, distribution or copying of this communication is strictly prohibited. If you have received this communication in error, please notify us immediately by e-mail and destroy this communication.

On Fri, May 8, 2020 at 3:00 PM Brittany Lane <blane@cohen-williams.com> wrote:
> Thanks, Baruch.  Would you be available today at 3:30 pm?  If not, please propose a time that works for you.
>
> With respect to the criminal investigation, we were alerted to the existence of this investigation by a separate

6/1/2020                    2:20-cv-02580-ODW-AS - PETER MARCO LLC v SRECHNITZ - USPO # 720-CV-02580-ODW-AS FURTHER MEET & CONFER R...

Case 2:20-cv-02580-ODW-AS   Document 33   Filed 06/01/20   Page 25 of 26   Page ID #:678

litigant, whose draft complaint indicated that he had reported the defendants to the Beverly Hills Police Department ("BHPD"). A detective with the BHPD informed us that the matter had been referred to the FBI. We then confirmed with the United States Attorney's Office for the Central District of California ("USAO") that there is an investigation related to the jewelry business involving defendants. While the USAO did not disclose to us every detail of their investigation (which I assume you agree would be highly unusual), they informed us that they supported a stay of civil matters related to the jewelry business.

Additionally, your client also informed one of our clients, Jona Rechnitz, that he was going to speak with the FBI regarding his dealings with Jona and the Jadelle entities, so I don't believe the existence of an investigation would be news to your client.

Best,
Brittany

Brittany L. Lane
**COHEN WILLIAMS** LLP
724 South Spring Street, 9th Floor
Los Angeles, CA 90014
Tel: 213-232-5165
Fax: 213-232-5167
blane@cohen-williams.com
www.cohen-williams.com


On Fri, May 8, 2020 at 1:05 PM Baruch Cohen <baruchcohen@baruchcohenesq.com> wrote:
   Counsel:

   - I am available today or Monday to meet & confer.
   - Pursuant to USDC Local Rule 7-3 - *Conference of Counsel Prior to Filing of Motions*, please explain the basis for your request to stay this action "*in light of pending criminal investigation*." What pending investigation, and was it regarding this matter?
   - Please advise.

   BCC

   ---
   Baruch C. Cohen, Esq.
   Law Office of Baruch C. Cohen, APLC
   4929 Wilshire Boulevard, Suite 940
   Los Angeles, CA 90010
   Office (323) 937-4501 | Cell (323) 353-9535
   Facsimile: (888) 316-6107
   Email: baruchcohen@baruchcohenesq.com, bcc4929@gmail.com
   www.BaruchCohenEsq.com
   *__Notice of Ex Parte Hearings Will Not Be Accepted by Email__*
   American Trial Attorneys in Defense of Israel
   
   **2013, 2015, 2016, 2017, 2018, 2019, & 2020** *Super Lawyers® is a registered trademark of Thomson Reuters*
   This e-mail is covered by the Electronic Communications Privacy Act 18 U.S.C. 2510-2521 and is legally privileged. It is intended only for the use of the individual or entity to which it is addressed, and may contain information that is privileged, confidential and exempt from disclosure under applicable law. If you are not the intended recipient, any dissemination, distribution or copying of this communication is strictly prohibited. If you have received this communication in error, please notify us immediately by e-mail and destroy this communication.


On Fri, May 8, 2020 at 11:15 AM Brittany Lane <blane@cohen-williams.com> wrote:
   Baruch,

I hope you are doing well.  Are you available for a call either today or Monday?  We would like to meet and confer concerning a motion for stay that we intend to file absent any agreement between the parties that the matter should be stayed in light of the pending criminal investigation.

Best,
Brittany

Brittany L. Lane
**COHEN** WILLIAMS LLP
724 South Spring Street, 9th Floor
Los Angeles, CA 90014
Tel: 213-232-5165
Fax: 213-232-5167
blane@cohen-williams.com
www.cohen-williams.com