Marc S. Williams (Bar No. 198913)
E-mail: mwilliams@cohen-williams.com
Reuven L. Cohen (Bar No. 231915)
E-mail: rcohen@cohen-williams.com
Brittany L. Lane (Bar No. 323440)
E-mail: blane@cohen-williams.com
Youngbin Son (Bar No. 324547)
E-mail: yson@cohen-williams.com
**COHEN WILLIAMS LLP**
724 South Spring Street, Ninth Floor
Los Angeles, CA 90014
Telephone:   (213) 232-5160
Facsimile:    (213) 232-5167

Attorneys for Third-Party Defendants,
JONA S. RECHNITZ and RACHEL RECHNITZ

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID ROVINSKY LLC, a Delaware limited liability company,<br><br>           Plaintiff,<br><br>PETER VOUTSAS aka PETER MARCO aka PETER VOUTSAS, aka PETER MARCO EXTRAORDINARY JEWELS OF BEVERLY HILLS, dba PETER MARCO LLC,<br><br>           Defendants/Third-Party Plaintiffs,<br><br>vs.<br><br>JONA S. RECHNITZ, an individual; RACHEL RECHNITZ, an individual; LEVIN PARDO aka LEVON PRADO, an individual,<br><br>           Third-Party Defendants. | Case No. 2:20-cv-02580-ODW-AS<br><br>**THIRD-PARTY DEFENDANTS JONA S. RECHNITZ AND RACHEL RECHNITZ'S *EX PARTE* APPLICATION SEEKING *IN CAMERA* REVIEW; MEMORANDUM OF POINTS AND AUTHORITIES**<br><br>[Declaration of Marc S. Williams filed concurrently] |

**THIRD-PARTY DEFENDANTS' *EX PARTE* APPLICATION SEEKING *IN CAMERA* REVIEW**

Third-Party Defendants Jona Rechnitz and Rachel Rechnitz (the "Rechnitz Defendants"), by and through their attorneys of record, Marc S. Williams, Reuven L. Cohen, Brittany L. Lane, and Youngbin Son of Cohen Williams LLP, respectfully apply to this Honorable Court for an order permitting the Rechnitz Defendants to submit in support of the Rechnitz Defendants' Motion for Stay of Proceedings (Dkt. 47), an *in camera* Supplemental Declaration of counsel providing additional information regarding the government's criminal investigation. This Application is based on the attached Memorandum of Points and Authorities, the concurrently-filed Declaration of Marc S. Williams, all files and records in this case, and any additional evidence and argument that may be presented to this Court prior to ruling on this application.

Pursuant to Local Rule 7-19.1, counsel for the Rechnitz Defendants contacted counsel for Plaintiff David Rovinsky LLC ("Rovinsky") and counsel for Defendants/Third-Party Plaintiffs Peter Voutsas aka Peter Marco, aka Peter Marco Extraordinary Jewels of Beverly Hills, dba Peter Marco LLC ("Peter Marco") to determine whether the parties oppose this application. Counsel for Rovinsky, Anthony R. Bisconti, indicated by email that Rovinsky took no position on the Rechnitz Defendants' Application. Counsel for Peter Marco, Baruch C. Cohen, indicated by email that, *inter alia*, without seeing the Supplemental Declaration that the Rechnitz Defendants seek to file *in camera* he could not support the Application. Accordingly, he opposes the Application.

Rovinsky is represented by Steven Jay Katzman (skatzman@bienertkatzman.com) and Anthony R. Bisconti (tbisconti@bienertkatzman.com) of Beinert Katzman PC, 601 W. 5th Street, Ste. 720, Los Angeles, CA 90071; telephone: (213) 528-3400. Rovinsky is also represented by Jason A. Levine (jlevine@hangley.com) and Andrew E. Erdlen (aerdlen@hangley.com) of Hangley Aronchick Sega Pudlin & Schiller, One Logan Square, 27th Floor, Philadelphia, PA 19103; telephone: (215) 568-6200.

Peter Marco is represented by Baruch C. Cohen (baruchcohen@baruchcohenesq.com) of the Law Office of Baruch C. Cohen, A

Professional Law Corporation, 4929 Wilshire Boulevard, Suite 940, Los Angeles, California 90010; telephone: (323) 937-4501.

The Rechnitz Defendants seek to file the Supplemental Declaration *in camera* because it will detail sensitive, non-public information relating to an ongoing federal criminal investigation, including information regarding defense strategy.  The Rechnitz Defendants seek permission to do so on an *ex parte* basis so that the information may be before the Court, should it wish to consider it, when ruling on the Motion for Stay.  The hearing in this matter was set for June 15, 2020 at 1:30 P.M., but has since been vacated by the Court, as the Court will make its determination based on the paper submissions.  Moreover, the Supplemental Declaration will include information learned as recent as June 1, 2020.  For all of these reasons and as detailed below, the Rechnitz Defendants respectfully apply for permission to file a Supplemental Declaration *in camera*.

Respectfully Submitted,

Dated: June 2, 2020     **COHEN WILLIAMS LLP**

By: /s/ *Marc S. Williams*              .
Marc S. Williams
Reuven L. Cohen
Brittany L. Lane
Youngbin Son

*Attorneys for Third-Party Defendants,*
JONA S. RECHNITZ AND RACHEL RECHNITZ

# MEMORANDUM OF POINTS AND AUTHORITIES

In addition to the information provided in Rechnitz Defendants' publicly-filed Reply in support of their Motion for Stay of Proceedings (Dkt. 55), the Rechnitz Defendants, through counsel, respectfully request the opportunity to assist the Court with its consideration of the issues raised in their Motion by submitting a fuller proffer regarding their knowledge and understanding of the full nature and scope of the government's criminal investigation. To do so, however, Rechnitz Defendants submit that this Court should grant them permission to present this proffer, which details an ongoing federal criminal investigation, *in camera*.

Local Rule 79-6.2 authorizes a party to seek approval from the Court to present a document for *in camera* review. Rechnitz Defendants seek permission to submit this detailed information *in camera* for the following reasons:

*First*, the information set forth in the proffer is sensitive, non-public, and relates to the government's ongoing investigation. Public revelation of the what defense counsel has learned about the investigation could be detrimental to the government's investigation. More specifically, the investigation is ongoing and involves others, including witnesses, subjects, and targets, in addition to or other than the Rechnitz Defendants. The Rechnitz Defendants are mindful of the effect public disclosure of facts relating to an ongoing criminal investigation may have and, because Mr. Rechnitz is involved in the investigation, he must be cautious about providing information that others whom the government may seek to interview or subpoena may learn from the Rechnitz Defendants' filings. And there is good cause to believe the information would become public knowledge. Articles regarding the Rechnitz Defendants' civil proceedings have repeatedly appeared in the press, including the New York Post, in recent months. Courts have recognized that *in camera* review of documents may be appropriate where the documents disclose sensitive information that may impede a criminal investigation. *See, e.g.*, *Wabun-Inini v. Sessions*, 900 F.2d 1234, 1247 (8th Cir. 1990) (upholding district court's decision to review

documents *in camera* in part because of claims that disclosure of information would impede law enforcement investigation).

*Second*, the Rechnitz Defendants, who are not presently charged in a criminal case, but who have been informed that a criminal investigation into allegations relating to their jewelry business is active and ongoing, should not have to publicly go into detail regarding the government's investigation, which ultimately may not result in any criminal charges. A granular discussion of the government's investigation, which is not final, would serve to potentially harm the Rechnitz Defendants reputationally or otherwise.

*Third*, defending against the Peter Marco allegations would require the Rechnitz Defendants to reveal or provide insight into the Rechnitz Defendants' defenses to any criminal charges. Those defenses are also within the scope of the government's criminal investigation. In so presenting that information to the Court, the Rechnitz Defendants would be compelled to sacrifice their Fifth and Sixth Amendment rights in order to seek a stay. It is well-settled that courts may permit *in camera* review of documents and information to protect against these concerns. *See United States v. Eshkol*, 108 F.3d 1025, 1028 (9th Cir. 1997) (approving of *in camera* memoranda to prevent disclosure of defense theory); *United States v. McKeon*, 738 F.2d 26, 33 (2d Cir. 1984) (finding court should allow defendant's *in camera* offer of proof "where the attorney-client privilege, the privilege against self-incrimination, the fear of impeachment by a prior conviction, apprehension over having to change attorneys, the revelation of work product, trial tactics, or legal theories of defense counsel may be involved"); *United States v. Poindexter*, 727 F. Supp. 1470, 1479 n.16 (D.D.C. 1988) ("The Court considers the ex parte nature of the showing to be appropriate at this time because it does not wish to require the defendant to reveal to the prosecution the theories of his defense as a prerequisite to attempting to secure the discovery to which he may be entitled."); *United States v. McVeigh*, 954 F. Supp. 1441, 1444–45 (D. Colo. 1997) (approving *ex parte* filing of supporting documents for defense discovery request, where the documents disclosed portions of defense strategy).

*Finally*, there is no prejudice to Peter Marco by the filing of an *in camera* submission regarding defense counsel's full understanding and knowledge of any criminal investigation relating to Peter Marco's allegations against the Rechnitz Defendants. This Court is eminently experienced and well-situated to accept and properly evaluate an *in camera* proffer from the Rechnitz Defendants' counsel regarding information learned relating to the government's investigation.

Good cause therefore exists to grant this application. The active investigation into allegations involving the Rechnitz Defendants' jewelry business is fluid, and counsel for the Rechnitz Defendants has learned new, relevant information since the filing of the Motion. The Rechnitz Defendants could not file a noticed motion seeking the relief requested because the Court has already taken the Motion for Stay under consideration for ruling on the paper submissions. By the time a noticed motion could be heard, the issue would be moot.

If the Court declines to permit Rechnitz Defendants to submit the Supplemental Declaration *in camera*, Rechnitz Defendants respectfully decline to file that information publicly and will stand on the record before the Court.

For the above reasons, the Rechnitz Defendants respectfully request that the Court grant them permission to submit, for *in camera* review, a Supplemental Declaration of counsel in support of their Motion.

Respectfully Submitted,

Dated: June 2, 2020          **COHEN WILLIAMS LLP**

By: /s/ Marc S. Williams
    Marc S. Williams
    Reuven L. Cohen
    Brittany L. Lane
    Youngbin Son

*Attorneys for Third-Party Defendants,*
JONA S. RECHNITZ AND RACHEL RECHNITZ