UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | 2:20-cv-02580-ODW (ASx) | Date | June 9, 2020 |
|---|---|---|---|
| Title | *David Rovinsky LLC v. Peter Voutsas et al* | | |

| Present: The Honorable | Otis D. Wright II, United States District Judge | |
|---|---|---|
| Sheila English | Not reported | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: | |
| Not present | Not present | |

**Proceedings (In Chambers):**

On June 2, 2020, Third-Party Defendants Jona S. Rechnitz and Rachel Rechnitz (the "Rechnitz Defendants") applied *ex parte* for an in camera review of a Supplemental Declaration of their counsel, in support of their pending Motion for Stay. (Ex Parte Appl. ("Ex Parte") 2, ECF No. 57; *see* Mot. for Stay, ECF No. 47.) The Court finds the application does not warrant in camera review and **DENIES** the Rechnitz Defendants' application. (ECF No. 57.)

In camera review is disfavored, as it prevents any other party in the litigation from seeing the materials produced to the court. It is generally a vehicle for a court to assess whether an evidentiary privilege applies to disputed materials. *United States v. Zolin*, 491 U.S. 554, 572 (1989). The decision whether to permit in camera review rests within the sound discretion of the trial court and depends on the particular circumstances of each case. *Id.*

The Rechnitz Defendants seek to submit the "Supplemental Declaration of counsel" regarding his understanding of an ongoing federal criminal investigation. (Ex Parte 3.) The declaration will "detail sensitive, non-public information . . . including information regarding defense strategy." (Ex Parte 1, 3.) The Rechnitz Defendants contend in camera review is warranted because public disclosure of this information could be detrimental to the government's investigation, harmful to the Rechnitz Defendants' reputation, and reveal their defense strategy and force them to sacrifice their Fifth and Sixth Amendment rights. (Ex Parte 1–2.)

The Court finds the Rechnitz Defendants have not established the need for in camera review. In camera review is usually an intermediary step where a court would determine if disputed information is subject to privilege; it is not generally a way to prevent an opposing party from receiving unprivileged information, as the Rechnitz Defendants request here. Additionally, it is the government, not the Rechnitz Defendants' counsel, who should raise concerns regarding the integrity of any ongoing criminal investigation. *See O'Connell v. Smith*, No. CV-13-01905-MWF (PJWx), 2015 WL 13721841, at *6 (C.D. Cal. Oct. 8, 2015). Further, reputational harm or embarrassment does not warrant withholding information from the public record or opposing counsel. *See Kamakana v. City and Cty. of Honolulu*, 447 F.3d 1172, 1179 (9th Cir. 2006) ("The mere fact that the production of records may lead to a litigant's embarrassment, incrimination, or exposure to further litigation will not, without more, compel the court to seal its records."). Finally, the Rechnitz Defendants fail to support that the proposed information is privileged, or how their counsel's declaration could sacrifice their Fifth or Sixth Amendment rights.

Accordingly, the Court **DENIES** the Rechnitz Defendants' Ex Parte Application Seeking In Camera Review. (ECF No. 57.)

**IT IS SO ORDERED.**

|  | : | 00 |
|---|---|---|
| Initials of Preparer | SE | |