Marc S. Williams (Bar No. 198913)
E-mail: mwilliams@cohen-williams.com
Reuven L. Cohen (Bar No. 231915)
E-mail: rcohen@cohen-williams.com
Brittany L. Lane (Bar No. 323440)
E-mail: blane@cohen-williams.com
Youngbin Son (Bar No. 324547)
E-mail: yson@cohen-williams.com
**COHEN WILLIAMS LLP**
724 South Spring Street, Ninth Floor
Los Angeles, CA 90014
Telephone:   (213) 232-5160
Facsimile:   (213) 232-5167

Attorneys for Third-Party Defendants,
JONA S. RECHNITZ and RACHEL RECHNITZ

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID ROVINSKY LLC, a Delaware limited liability company,<br><br>          Plaintiff,<br><br>PETER VOUTSAS aka PETER MARCO aka PETER VOUTSAS, aka PETER MARCO EXTRAORDINARY JEWELS OF BEVERLY HILLS, dba PETER MARCO LLC,<br><br>          Defendants/Third-Party Plaintiffs,<br><br>vs.<br><br>JONA S. RECHNITZ, an individual; RACHEL RECHNITZ, an individual; LEVIN PARDO aka LEVON PRADO, an individual,<br><br>          Third-Party Defendants. | Case No. 2:20-cv-02580-ODW-AS<br><br>**THIRD-PARTY DEFENDANTS JONA S. RECHNITZ AND RACHEL RECHNITZ'S NOTICE OF MOTION AND MOTION TO DISMISS THE AMENDED THIRD-PARTY COMPLAINT PURSUANT TO FRCP 12(b)(6); MEMORANDUM OF POINTS AND AUTHORITIES**<br><br>[Concurrently filed with Request for Judicial Notice and (Proposed) Order]<br><br>Date:          July 13. 2020<br>Time:          1:30 p.m.<br>Courtroom      5D |

---

**MOTION TO DISMISS**

TO ALL PARTIES AND THEIR RESPECTIVE COUNSEL OF RECORD:

PLEASE TAKE NOTICE THAT that on July 13, 2020, at 1:30 p.m., or as soon thereafter as counsel may be heard, in Courtroom 5D, 5th Floor of the First Street Courthouse, 350 W. 1st Street, Los Angeles, CA. 90012, before the Honorable Otis D. Wright II, Third-Party Defendants JONA S. RECHNITZ and RACHEL RECHNITZ (collectively "Rechnitz Defendants") will, and hereby do, move this Court to dismiss each of the claims for relief alleged against them by Defendants/Third-Party Plaintiffs PETER VOUTSAS aka PETER MARCO aka PETER MARCO EXTRAORDINARY JEWELS OF BEVERLY HILLS, dba PETER MARCO LLC ("Peter Marco" or "Marco") in the Amended Third-Party Complaint ("Complaint") (Dkt. 39) pursuant to Federal Rules of Civil Procedure 12(b)(6) and 9(b), with prejudice, on the ground that the Complaint fails to state a claim for relief against Rechnitz Defendants.

This motion is made following the conference of counsel pursuant to Local Rule 7-3, which took place on June 8, 2020. This motion is based upon this Notice of Motion, the attached Memorandum of Points and Authorities, the concurrently filed Request for Judicial Notice and the document referenced therein, the files and records in this action, and such further evidence, argument, and authorities as may be presented to the Court prior to or at the hearing on this matter.

Respectfully submitted,

Dated:  June 15, 2020                **COHEN WILLIAMS LLP**

By:  */s/ Brittany L. Lane*
      Marc S. Williams
      Reuven L. Cohen
      Brittany L. Lane
      Youngbin Son

      *Attorneys for Third-Party Defendants,*
      *JONA S. RECHNITZ and RACHEL*
      *RECHNITZ*

1
**MOTION TO DISMISS**

# TABLE OF CONTENTS

I.    INTRODUCTION ............................................................................... 1

II.   BACKGROUND ................................................................................ 3

III.  LEGAL STANDARD ........................................................................ 5

    A.    Standards Governing Rule 12(b)(6) Motions.................................... 5

    B.    Heightened Pleading Requirements under Rule 9(b)......................... 6

IV.  ARGUMENT ..................................................................................... 7

    A.    Peter Marco Fails to State a Claim for Fraud................................... 7

          1.    First Cause of Action: Intentional Misrepresentation & Fraud .................................................................................. 8

          2.    Second Cause of Action: Civil Theft ................................... 11

          3.    Third Cause of Action: Embezzlement ................................ 13

          4.    Fourth Cause of Action: Civil Conspiracy to Commit Theft, Fraud, and Fraud by Concealment............................ 13

          5.    Fifth Cause of Action: Conversion...................................... 15

    B.    Peter Marco Fails to State a Claim for Breach of Contract or Breach of the Implied Covenant of Good Faith and Fair Dealing. ....................................................................................... 16

          1.    Sixth Cause of Action: Breach of Contract......................... 16

          2.    Seventh Cause of Action: Breach of Implied Covenant of Good Faith and Fair Dealing ............................................. 18

    C.    Peter Marco Fails to State a Claim for Account Stated. ................. 19

    D.    Peter Marco Fails to State a Claim for Unethical Business Practices.................................................................................... 20

V.   CONCLUSION................................................................................. 21

# TABLE OF AUTHORITIES

**CASES**

*Ashcroft v. Iqbal*
556 U.S. 662 (2009)...................................................................4, 5, 6, 17

*Bell Atlantic Corp. v. Twombly*
550 U.S. 544 (2007)......................................................................6, 15, 18

*Cahill v. Edalat*
No. SACV16686AGDFMX, 2016 WL 9086936 (C.D. Cal. Oct. 4, 2016) ....................13

*Careau & Co. v. Sec. Pac. Bus. Credit, Inc.*
222 Cal. App. 3d 1371 (1990) ........................................................19

*Cincinnati Life Ins. Co. v. Beyrer*
722 F.3d 939 (7th Cir. 2013) ........................................................10

*Comwest, Inc. v. Am. Operator Servs., Inc.*
765 F.Supp. 1467 (C.D. Cal. 1991) .................................................7

*Devaney v. Chester*
813 F.2d 566 (2d Cir.1987)...........................................................7

Eclectic Properties East, LLC v. Marcus & Millichap Co.
751 F.3d 990 (9th Cir. 2014) ......................................................6, 9

*Edwards v. Marin Park, Inc.*
356 F.3d 1058 (9th Cir. 2004) ........................................................6

*Elizabeth Arden, Inc. v. Merch. of Tennis, Inc.*
No. CV 10-9949 PA (AGRX), 2011 WL 13217930 (C.D. Cal. July 25, 2011)...........3, 19

*Finton Constr., Inc. v. Bidna & Keys, APLC*
238 Cal. App. 4th 200 (Cal. Ct. App. 2015) ........................................11

*Ham v. Hain Celestial Grp., Inc.*
70 F.Supp.3d 1188 (N.D. Cal. 2014) ................................................16

*Hayduk v. Lanna*
775 F.2d 441 (1st Cir. 1985) ........................................................14

*Hornberger v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*
No. SACV141645DOCRNBX, 2015 WL 13310465 (C.D. Cal. Jan. 22, 2015).........4, 16

*In re Basinger*
45 Cal. 3d 1348 (1988) ................................................................13

*In re GlenFed, Inc. Securities Litig.*
42 F.3d 1541 (9th Cir. 1994) ........................................................7

*In re Jadelle Jewelry and Diamonds, LLC*
Case No. 2:20-bk-13530-BR (C.D. Cal. May 19, 2020) .................................4

*In re Martinez*
610 B.R. 290 (Bankr. N.D. Cal. 2019) ...................................................... 13

*Inter-Mark USA, Inc. v. Intuit, Inc.*
2008 WL 552482 (N.D. Cal. Feb. 27, 2008) ........................................... 18

*J D Factors, LLC v. Reddy Ice Holdings Inc.*
No. CV 14-06709 DDP FFMX, 2015 WL 630209 (C.D. Cal. Feb. 12, 2015) ............... 19

*Kearns v. Ford Motor Co.*
567 F.3d 1120 (9th Cir. 2009) ...................................................... 7, 14

*Khoja v. Orexigen Therapeutics, Inc.*
899 F.3d 988 (9th Cir. 2018) ............................................................. 4

*Kidron v. Movie Acquisition Corp.*
40 Cal.App.4th 1571 (1995) ........................................................... 14

*Kremen v. Cohen*
337 F.3d 1024 (9th Cir. 2003) ........................................................ 15

*Krys v. Pigott*
749 F.3d 117 (2d Cir. 2014) ............................................................. 7

*Mangindin v. Washington Mut. Bank*
637 F.Supp.2d 700 (N.D. Cal. 2009) ................................................... 7

*Mohebbi v. Khazen*
50 F.Supp.3d 1234 (N.D. Cal. 2014) ................................................. 13

*Moore v. Bartholomae Corp.*
69 Cal. App. 2d 474 (Cal. Ct. App. 1945) ......................................... 3, 19

*Moss v. U.S. Secret Service*
572 F.3d 962 (9th Cir. 2009) ....................................................... 6, 18

*Munro v. Lucy Activewear, Inc.*
899 F.3d 585 (8th Cir. 2018), *cert. denied*, 139 S. Ct. 941 (2019) ................. 8

*Neubronner v. Milken*
6 F.3d 666 (9th Cir. 1993) ......................................................... 8, 12

*Oasis W. Realty, LLC v. Goldman*
51 Cal. 4th 811 (2011) ................................................................ 17

*People v. Moses*
217 Cal.App.3d 1245 (Cal. 1990) ..................................................... 11

*Schreiber Distributing Co. v. Serv-Well Furniture Co., Inc.*
806 F.2d 1393 (9th Cir. 1986) ......................................................... 7

*Sharp v. Nationstar Mortg., LLC*
701 F. App'x 596 (9th Cir. 2017) .................................................... 13

*Solano v. America's Servicing Co.*
  No. 10-cv-02426, 2011 WL 1669735 (E.D. Cal. May 3, 2011) ...................................... 14

*Soundgarden v. UMG Recordings, Inc.*
  No. LACV1905449JAKJPRX, 2020 WL 1815855 (C.D. Cal. Apr. 6, 2020) ........... 16, 18

*Sprewell v. Golden State Warriors*
  266 F.3d 979 (9th Cir. 2001) ...................................................................................... 6

*Swartz v. KPMG LLP*
  476 F.3d 756 (9th Cir. 2007) ............................................................................. 6, 7, 10

*Terpin v. AT&T Mobility, LLC*
  399 F.Supp.3d 1035 (C.D. Cal. 2019) ...................................................................... 18

*United Guar. Mortg. Indem. Co. v. Countrywide Fin. Corp.*
  660 F.Supp.2d 1163 (C.D. Cal. 2009) ................................................................. 8, 11

*Vess v. Ciba-Geigy Corp. USA*
  317 F.3d 1097 (9th Cir. 2003) .......................................................................... 6, 7, 11

*W. Sugar Co-op. v. Archer-Daniels-Midland Co.*
  No. CV 11-3473 CBM MANX, 2012 WL 3101659 (C.D. Cal. July 31, 2012) ........... 8, 12

*Wasco Prod., Inc. v. Southwall Techs., Inc.*
  435 F.3d 989 (9th Cir. 2006) ..................................................................................... 13

*Zinn v. Fred R. Bright Co.*
  271 Cal.App.2d 597 (1969) ......................................................................................... 19

**STATUTES**

Fed. R. Civ. Proc. 9(b) ................................................................................................ 6, 7

## **MEMORANDUM OF POINTS AND AUTHORITIES**

## **I.   INTRODUCTION**

After first filing an involuntary bankruptcy petition against Jadelle Jewelry and Diamonds, LLC ("Jadelle LLC"), Peter Marco filed the Amended Third-Party Complaint in this action, dragging Rechnitz Defendants into court in an attempt to recover for the same claims for which Marco seeks recovery in the bankruptcy matter.  The causes of action asserted in the Complaint are based on allegations that Rechnitz Defendants engaged in fraud revolving around the consignment of jewelry by Peter Marco to Jadelle LLC, an entity through which Rechnitz Defendants purportedly operated a jewelry business.  But rather than plead facts sufficient to support these allegations in the Complaint, Marco relies on inflammatory language, irrelevant assertions, and conclusory allegations.   Thus, the Complaint fails to state a claim for which relief can be granted against either Mr. Rechnitz or Ms. Rechnitz.

With respect to Rachel Rechnitz, Peter Marco fails to allege a single fact supporting any of the conclusory allegations set forth in the Complaint.  He does not allege a single statement Ms. Rechnitz made or action she took that serves as a plausible ground for liability. Instead, Marco attempts to create liability for Ms. Rechnitz by pleading the innocuous facts that she is married to Jona Rechnitz and that she has leadership and/or management roles with Jadelle LLC and an entity named Jadelle Inc.  Such facts are insufficient to create a claim for relief that is plausible on its face—let alone to meet the heightened pleading requirements of Rule 9(b) necessary for the various causes of action averring fraud.  Looking at the Complaint in its entirety, it is unclear why Marco joined Ms. Rechnitz as a party to this action other than to harass.

While Marco at least alleges some facts relating to Jona Rechnitz, the facts pled are mostly irrelevant and similarly insufficient to give rise to a claim on which relief can be granted with respect to each of the nine causes of action asserted in the Complaint.

First through Fifth Causes of Action.  Marco's Complaint revolves around one alleged fraudulent course of conduct, which gives rise to the first five causes of action: (1) Intentional

Misrepresentation and Fraud; (2) Civil Theft; (3) Embezzlement;[1] (4) Conspiracy to Commit Theft, Fraud, and Fraud by Concealment; and (5) Conversion.  Because each of these causes of action is grounded in claims of fraud, the heightened pleading requirements of Federal Rule of Civil Procedure 9(b) apply.  Yet, Marco makes no efforts to comply with these requirements.  He does not plead with any particularity the circumstances surrounding the alleged fraudulent representations, nor does he adequately plead that Mr. Rechnitz intended to defraud Marco.  Rather, the Complaint alleges that Mr. Rechnitz and Peter Marco had a longstanding and successful business relationship, pursuant to which both parties continued to deal with each other, and then at some point a fraction of the jewelry consigned to Jadelle LLC was not returned or purchased.  The allegations are insufficient to support a conclusion of fraud.  Accordingly, all five causes of action should be dismissed.

Sixth and Seventh Causes of Action.  The sixth and seventh causes of action allege breach of contract and breach of the implied covenant of good faith and fair dealing.  However, these claims fail because Peter Marco contracted with Jadelle LLC—not Rechnitz Defendants in their individual capacities.  As alleged *by Peter Marco* in the bankruptcy matter, the consignments were made to Jadelle LLC.  The fact that Marco cannot pursue such claims against Jadelle LLC because his involuntary bankruptcy petition against the company triggered an automatic stay does not render Jona or Rachel Rechnitz liable for any breach of contract by Jadelle LLC.

Moreover, these claims should be dismissed because Marco fails to plead facts necessary to each claim—*i.e.*, the terms of the contract giving rise to any alleged breach.  And with respect to the seventh cause of action for breach of the implied covenant of good faith and fair dealing, Marco's failure to plead any facts distinct from the breach of contract allegations renders that cause of action superfluous and is thus fatal.

Eighth Cause of Action.  California law is clear that "a debt which is predicated upon

---

[1] Peter Marco only alleged the third cause of action for embezzlement against Jona Rechnitz.  The remaining causes of action are alleged against both Mr. Rechnitz and Ms. Rechnitz.

the breach of the terms of an express contract cannot be the basis of an account stated." *Elizabeth Arden, Inc. v. Merch. of Tennis, Inc.*, No. CV 10-9949 PA (AGRX), 2011 WL 13217930, at *3 (C.D. Cal. July 25, 2011) (citing *Moore v. Bartholomae Corp.*, 69 Cal. App. 2d 474, 477 (Cal. Ct. App. 1945). It is clear that Marco's claims for breach of contract and account stated are based on the same debt. Indeed, Marco claims he is owed $6,950,444.40 for both causes of action. Thus, he fails to state a valid claim for account stated.

Additionally, similar to the contractual breach causes of action, Marco's judicial admissions indicate that any account on which such a claim could be based is with Jadelle LLC, not either of the individuals Marco chose to sue in this action. This claim should be dismissed.

<u>Ninth Cause of Action</u>. Marco failed to plead any specific allegations supporting the ninth cause of action for unethical business practices. Instead, Marco relies on conclusory allegations that are insufficient to support the cause of action under the well-pleaded complaint rule.

Because Peter Marco failed to properly allege facts sufficient to support his claims, Rechnitz Defendants respectfully request that the Court dismiss each of the causes of action alleged against them in the Complaint with prejudice.[2]

## II.   <u>BACKGROUND</u>

On April 6, 2020, Peter Marco LLC and two other petitioning creditors filed an involuntary bankruptcy petition against Jadelle LLC. (Compl., ¶ 9.)[3] Jona and Rachel Rechnitz operate Jadelle LLC as a jewelry business. (*Id.* at ¶¶ 7, 9.) Ms. Rechnitz is the

---

[2] On May 18, 2020, Rechnitz Defendants moved for a stay of all proceedings related to Peter Marco's claims as alleged in the Amended Third-Party Complaint. As of the time of this filing, the Court has not yet ruled on that motion. Should the Court grant that motion and order the proceedings stayed, Rechnitz Defendants acknowledge that any filings or rulings related to this motion also will be stayed.

[3] For the purpose of this motion to dismiss only, Rechnitz Defendants accept Peter Marco's allegations as true where the Complaint, other filings in this case, or other judicially noticeable documents do not set forth competing allegations.

managing member of Jadelle LLC, and she and Mr. Rechnitz are husband and wife. (*Id*. at ¶ 6.)

As Peter Marco alleges, from August 26, 2018 through December 23, 2019, he and Jona Rechnitz "enjoyed a successful and trusting relationship with each other . . . ." (*Id*. at ¶31.)  During the course of this relationship, Marco and Mr. Rechnitz were involved in 32 successful transactions, totaling approximately $39,369,620.  (*Id.*)    Additionally, Mr. Rechnitz "introduced Marco to famous celebrities," some of whom Marco was able to obtain as clients.  (*Id.*)  Marco was also able to "advance his social media presence by being connected to [these celebrities]." (*Id.*)

Between October 29, 2019 and January 7, 2020, Marco consigned jewelry, worth a total of $6,950,444.40,[4] to Jadelle LLC to sell to its clients.  (RJN, Exh. 1 (Declaration of Peter Marco in support of Petitioning Creditors' Motion for Appointment of Interim Chapter 7 Trustee at ¶ 6 (Dkt. 17), *In re Jadelle Jewelry and Diamonds, LLC*, Case No. 2:20-bk-13530-BR (C.D. Cal. May 19, 2020)).)[5, 6]  This jewelry included the ring and the necklace at

---

[4] While Marco uses this figure to reflect the value of the consignments, the Complaint indicates that this number also encompasses an $80,000 credit card charge back.  (Compl. ¶ 33 (item 16 on chart).)  It is unclear why this amount is included in the consignment total, as Marco does not plead any facts related to a credit card charge back.

[5] The Court may take judicial notice of public records.  *Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 999 (9th Cir. 2018).  Furthermore, the Court may exercise its discretion to consider facts alleged in a declaration filed before another court as judicial admissions that are binding against the party who made them.  *See Hornberger v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, No. SACV141645DOCRNBX, 2015 WL 13310465, at *3 (C.D. Cal. Jan. 22, 2015).

[6] While Marco alleges in the Complaint that the consignments were with Jona Rechnitz, Peter Marco's declaration filed in connection with his bankruptcy action against Jadelle LLC casts serious doubt on this claim, making it implausible.  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  First, the declaration reflects that the jewelry was consigned to Jadelle, characterizing the transactions as "consignments with Jadelle" and "consignment transactions between Marco and Jadelle," without mentioning either Mr. or Ms. Rechnitz as the consignee.  Second, Marco attached to this declaration a version of a memorandum reflecting a consignment to Jadelle LLC for certain pieces of jewelry.  Marco represented the attachment was a true and correct copy of that memorandum.  However, as evidenced by Jadelle LLC's carbon copy of the same invoice, which was filed as an exhibit in the bankruptcy matter, Marco added information to the invoice *after* a Jadelle LLC employee had signed the memorandum.  (*Compare* Declaration of Peter Marco, Exh. A at 20, *In re Jadelle Jewelry and Diamonds, LLC*, No. 20-bk-13530-BR (C.D. Cal. May 19, 2020), ECF

**MOTION TO DISMISS**

the center of Plaintiff David Rovinsky LLC's complaint against Marco ("Rovinsky Ring and Necklace").  (Compl., ¶ 32.)  Mr. Marco claims these consignments were made in light of Mr. Rechnitz's representation that "he was back from NY focused on his business."  (*Id.*)  Additionally, Marco alleges that the consignments were based on Mr. Rechnitz's representations that he had interested buyers for the jewelry.  (*Id.* at ¶ 34.)  Marco alleges he had no reason to doubt such representations because, as Marco concedes, he and Mr. Rechnitz had dealt together extensively and without issue in the past.  (*Id.* at ¶ 33.)

Marco does not allege any facts identifying when exactly these statements were made or where the conversations took place.  He also does not allege any facts supporting the conclusion that either of these statements were false, or that Mr. Rechnitz knew they were false, at the time they were made.  Finally, he does not allege a single statement made by Rachel Rechnitz.

Marco further alleges that it was weeks after December 19, 2019, when Mr. Rechnitz "swindled Marco" and liquidated the jewelry by either pawning it or posting it as collateral for loans.  (*Id.* at ¶ 38.)  The consignments at issue, however, were made earlier, between October 29, 2019 and January 7, 2020, thus negating the notion that any statements made at the time of the consignments were false when made.  (*Id.* at ¶ 32.)

## III.    LEGAL STANDARD

### A.    Standards Governing Rule 12(b)(6) Motions

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*  For purposes of a motion to dismiss, the Court is not "required to accept as true allegations that are merely

---

No. 17 *with* Putative Debtor's Index of Exhibits, Exh. 12 at 202.)  The changes made to the invoice included adding Mr. Rechnitz as a consignee, though the carbon copy shows Jadelle was the only consignee on the original agreement.

5

conclusory, unwarranted deductions of fact or unreasonable inferences." *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001). Thus, mere "labels and conclusions" or "a formulaic recitation of the elements of a cause of action" are insufficient to state a claim. *Iqbal*, 556 U.S. at 678 (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). In short, "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555; *see also Moss v. U.S. Secret Service*, 572 F.3d 962, 969 (9th Cir. 2009) ("[F]or a complaint to survive a motion to dismiss, the non-conclusory 'factual content,' and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief.") (citations omitted).

When a complaint's allegations give rise to "two possible explanations, only one of which can be true and only one of which results in liability, plaintiffs cannot offer allegations that are merely consistent with their favored explanation but are also consistent with the alternative explanation." *Eclectic Properties East, LLC v. Marcus & Millichap Co.*, 751 F.3d 990, 996 (9th Cir. 2014). "Something more is needed, such as facts tending to exclude the possibility that the alternative explanation is true, in order to render plaintiffs' allegations plausible." *Id.*

## B.    Heightened Pleading Requirements under Rule 9(b)

Rule 9(b) provides that "a party must state with particularity the circumstances constituting fraud or mistake." It "demands that, when averments of fraud are made, the circumstances constituting the alleged fraud be specific enough to give defendants notice of the particular misconduct. . . ." *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1106 (9th Cir. 2003) (internal citations omitted). In other words, fraud allegations must "be accompanied by 'the who, what, when, where, and how' of the misconduct charged." *Id.*; *see also Swartz v. KPMG LLP*, 476 F.3d 756, 764 (9th Cir. 2007) (stating fraud-based allegations must include the "time, place, and specific content of the false representations as well as the identities of the parties to the misrepresentations") (citing *Edwards v. Marin Park, Inc.*, 356 F.3d 1058, 1066 (9th Cir. 2004)); *Schreiber Distributing Co. v. Serv-Well Furniture*

*Co., Inc.*, 806 F.2d 1393, 1401 (9th Cir. 1986); *Kearns v. Ford Motor Co.*, 567 F.3d 1120, 1124 (9th Cir. 2009).

While it is well settled that "malice, intent, knowledge, and other conditions of a person's mind may be alleged generally," Fed. R. Civ. Proc. 9(b), "[p]laintiffs must still plead the events which they claim give rise to an inference of knowledge." *Krys v. Pigott*, 749 F.3d 117, 129 (2d Cir. 2014) (quoting *Devaney v. Chester*, 813 F.2d 566, 568 (2d Cir.1987)). In short, there is nothing in the Federal Rules of Civil Procedure that would relieve a "plaintiff of the obligation to 'set forth facts from which an inference of scienter could be drawn.'" *Mangindin v. Washington Mut. Bank*, 637 F.Supp.2d 700, 706-707 (N.D. Cal. 2009) (quoting *Pickett*, 137 F.3d at 628 (quoting *In re GlenFed, Inc. Securities Litig.*, 42 F.3d 1541, 1546 (9th Cir. 1994))).

Importantly, "Rule 9(b) does not allow a complaint to merely lump multiple defendants together but 'require[s] plaintiffs to differentiate their allegations when suing more than one defendant . . . and inform each defendant separately of the allegations surrounding his alleged participation in the fraud.'" *Swartz*, 476 F.3d at 764–65 (citation omitted).  Allegations that "everyone did everything" are insufficient. *Destfino v. Reiswig*, 630 F.3d 952, 958 (9th Cir. 2011).

## IV.   <u>ARGUMENT</u>

### A.   Peter Marco Fails to State a Claim for Fraud.

To state a claim for fraud, Marco must allege facts showing that each of the Rechnitz Defendants (1) made a misrepresentation, (2) knowing that it was false at the time (scienter), (3) with the intent to induce Marco's reliance on the misrepresentation. *Kearns v. Ford Motor Co.*, 567 F.3d 1120, 1126 (9th Cir. 2009).  Marco must also allege that it (4) justifiably relied on the misrepresentation, which (5) caused him damage. *Id.*  All of these elements must be alleged with the specificity required by Rule 9(b). *Vess*, 317 F.3d at 1107.  Marco fails to meet the specificity requirement as to any of the first five causes of action, all of which are grounded in fraud, and thus all five claims must be dismissed. *See id.* ("When an entire complaint, or an entire claim within a complaint, is grounded in fraud and its

1   allegations fail to satisfy the heightened pleading requirements of Rule 9(b), a district court
2   may dismiss the complaint or claim."); *United Guar. Mortg. Indem. Co. v. Countrywide Fin.*
3   *Corp.*, 660 F.Supp.2d 1163, 1171 (C.D. Cal. 2009) ("Even if fraud is not an essential element
4   of a claim, Rule 9(b) still applies to claims that are grounded in fraud (also known as claims
5   that sound in fraud) and to averments of fraud.  Allegations that do not meet Rule 9(b) are
6   disregarded or stripped from the complaint.") (citations and quotations omitted).

7      1.   **First Cause of Action: Intentional Misrepresentation & Fraud**

8           a.   Rachel Rechnitz

9           With respect to Ms. Rechnitz, Marco's allegations fail to plead even the first element:
10  that Ms. Rechnitz made a misrepresentation.  Marco does not allege a single statement made
11  by Ms. Rechnitz to Marco, let alone a false or misleading statement.  In fact, Marco fails to
12  allege *any* specific facts supporting the allegation that Ms. Rechnitz engaged in fraud.
13  Indeed, in the approximately 20 pages of "General Allegations" set forth in the Complaint
14  (Compl., ¶¶ 25-85), Ms. Rechnitz's name appears only twice: in the case captions of two
15  separate civil lawsuits (*id.* at ¶¶ 57, 59).  Instead, Marco relies on the conclusory assertions
16  that fraud was committed with "Rachel's knowledge and direction" and that the opportunity
17  to commit fraud was made possible because Ms. Rechnitz "set[] up the entities" through
18  which the fraud was allegedly committed.  (*Id.* at ¶¶ 8, 15).[7]  Contrary to the requirements of

19  _____

20  [7] Marco also alleges, in conclusory fashion, that "Third-Party Plaintiffs are informed and
    believe" that Jona Rechnitz, Rachel Rechnitz, and their co-defendant Levin Prado are "the
21  alter egos of each other." (Compl., ¶ 18.)  First, Rechnitz Defendants are unaware of any
    legal basis for claiming that three *individuals* are alter egos of each other.  Second, Marco
22  fails to plead any factual basis for this allegation, as he is required to do.  *See Neubronner
    v. Milken*, 6 F.3d 666, 672 (9th Cir. 1993) (upholding district court's dismissal of fifth
23  amended complaint and noting that, in context of Rule 9(b) "a plaintiff who makes
    allegations on information and belief must state the factual basis for the belief"); *W. Sugar
24  Co-op. v. Archer-Daniels-Midland Co.*, No. CV 11-3473 CBM MANX, 2012 WL
    3101659, at *6 (C.D. Cal. July 31, 2012); ("Several of Plaintiffs' allegations are based
25  'upon information and belief.'  However, Plaintiffs must set forth the source of their
    information or a sufficient factual basis upon which their 'information and belief' is
26  based."); *see also Munro v. Lucy Activewear, Inc.*, 899 F.3d 585, 590 (8th Cir. 2018), *cert.
    denied*, 139 S. Ct. 941 (2019) ("If the plaintiff's 'allegations of fraud are explicitly . . .
27  based only on information and belief, the complaint must set forth the source of the
    information and the reasons for the belief.'").

28

**MOTION TO DISMISS**

Rule 9(b), Marco does not plead any specific facts supporting these conclusions.

In fact, the only nonconclusory allegations Marco pleads with respect to Ms. Rechnitz are alleged in the introductory allegations of the Complaint titled "The Parties, Jurisdiction, and Venue." In that section, Marco alleges that Ms. Rechnitz is married to Mr. Rechnitz, she is the managing member of Jadelle LLC, and she is the chief executive officer of Jadelle Inc. Such ostensibly neutral facts are insufficient to meet the pleading requirements of Rule 9(b).

These pleading deficiencies are fatal to Peter Marco's first cause of action against Ms. Rechnitz.

### b.   <u>Jona Rechnitz</u>

With respect to Jona Rechnitz, Marco similarly fails to plead with sufficient particularity the facts and circumstances supporting a fraud allegation. The theory of fraud pled in the Complaint is that Mr. Rechnitz fraudulently induced Peter Marco to consign various pieces of jewelry to Jadelle LLC. However, the Complaint is devoid of facts supporting the conclusion that Mr. Rechnitz actually made any fraudulent statements that caused Marco to make the consignments. In fact, Marco's allegations support a different conclusion—*i.e.*, that Marco consigned the jewelry to Jadelle LLC based on the past success of his business dealings with Jadelle LLC and Mr. Rechnitz. In order to survive a motion to dismiss, "[s]omething more is needed, such as facts tending to exclude the possibility that the alternative explanation is true, in order to render plaintiffs' allegations plausible." *Eclectic Properties East, LLC*, 751 F.3d at 996.

The only alleged statements made by Mr. Rechnitz that Marco claims to have relied on prior to consigning the jewelry to Jadelle are the following:

- "From the period 10-29-2019 - 1-7-2020 (notwithstanding his then legal troubles in NY), Jona assured Marco that he was back from NY refocused on his business . . . ." (Compl. ¶ 32); and

- "Prior to 10-29-2019, and thereafter, Rechnitz repeatedly represented to Marco he had interested buyers for the pieces of Consigned Jewelry, and that consummation of his sales were imminent." (*Id.* at ¶ 34.)

Neither of these statements are plead with particularity necessary to support the first

element of fraud: that Mr. Rechnitz made any misrepresentations.  The first statement is innocuous.  Marco certainly has not pled any facts supporting the legal conclusion that this was a misrepresentation.  With respect to the second statement, Marco's vague allegations do not detail with any specificity when the alleged misrepresentations were made, where they were made, and what the specific misrepresentations were.  *See Swartz*, 476 F.3d at 764; *see also Cincinnati Life Ins. Co. v. Beyrer*, 722 F.3d 939, 950 (7th Cir. 2013) (upholding district court's dismissal of claim grounded in fraud where "when" was not described with any more specificity than "beginning in July 2007 and continuing until January 28, 2008").  Instead, Marco asserts that at some point over the course of a months' long period, Mr. Rechnitz claimed to have interested buyers for the jewelry Marco consigned to Jadelle LLC.  This is wholly insufficient under Rule 9(b).

In the Complaint, Marco claims to have made 15 consignments to Jadelle LLC between October 29, 2019 and January 7, 2020.  Yet, Marco makes no attempts to specifically allege with respect to which of the fifteen consignments Mr. Rechnitz made such representations, when such representations were made, whether they were made prior to or after the consignment of the specific pieces of jewelry to which they referred, and how Mr. Rechnitz communicated these statements to Peter Marco (*i.e.*, whether the statements were oral or written, and depending on that answer, whether they were made in-person, via telephone, via e-mail, or via some other method).

Even if such vague allegations were sufficient to constitute a well-pleaded allegation of a misrepresentation, Marco fails to plead the second and third elements of fraud: that Mr. Rechnitz knew the statements were false when made, and that Mr. Rechnitz intended to defraud Marco.  There is nothing in the Complaint that suggests that, at the time the statements were made, Mr. Rechnitz was not focused on his business or that he did not have an interested buyer.

In fact, Marco's allegations support the conclusion that Mr. Rechnitz had no fraudulent intent.  As Marco alleges, Mr. Rechnitz and Marco had successfully done business together for over one year.  The two parties had participated in transactions involving over $39 million

10

worth of jewelry; this lawsuit involves only a fraction of those transactions ($6,950,444.40 of jewelry, which is less than 20% of all the transactions).    Such facts contradict the unsupported conclusions that Mr. Rechnitz's statements were false, that he knew they were false, and that he intended to fraudulently induce Marco to consign jewelry to Jadelle LLC.

Because Marco fails to plead allegations of fraud with the particularity required by Rule 9(b), that cause of action should be dismissed.

### 2.    Second Cause of Action: Civil Theft

Peter Marco next alleges that Rechnitz Defendants are liable for civil theft pursuant to California Penal Code Section 496(a).    This claim is based on the premise that Rechnitz Defendants fraudulently obtained the consigned jewelry.    (*See* Compl., ¶ 95.)    Accordingly, Marco must plead facts with the requisite particularity supporting the elements of a civil theft claim.    *See Vess*, 317 F.3d 1103-04, 1107; *United Guar. Mortg. Indem. Co.*, 660 F.Supp.2d at 1171.

The elements of a violation of Section 496(a) are: (1) that the particular property was stolen, (2) that the accused received, concealed or withheld it from the owner thereof, and (3) that the accused knew that the property was stolen." *Finton Constr., Inc. v. Bidna & Keys, APLC*, 238 Cal. App. 4th 200, 213 (Cal. Ct. App. 2015) (citing *People v. Moses*, 217 Cal.App.3d 1245, 1250 (Cal. 1990)).    Thus, such a claim "turn[s] on the question of whether the [property] was indeed stolen, or put another way, [in this case,] whether [Marco] had the right to ownership or possession." *Id.*

Marco does not plead a single fact supporting the allegation that either of the Rechnitz Defendants is liable for civil theft.    First, Marco has not pled sufficient facts to support the conclusion that the goods were stolen.    Indeed, the basis for such a conclusion is the allegation that the consigned goods were obtained by fraud.    However, as detailed above, Marco has failed to plead facts sufficient to support fraud as to either of the Rechnitz Defendants.    In fact, Marco's allegations support the conclusion that Jadelle LLC had a right to possess the jewelry per the consignment agreements, which were entered into because Peter Marco had benefited professionally from consigning goods to Jadelle LLC and working

11

with Mr. Rechnitz in the past—not because of any fraud.

Second, Marco has not pled with sufficient particularity facts supporting the claim that either of the Rechnitz Defendants concealed or withheld the jewelry from the owners thereof. Indeed, there are no particularized facts alleged concerning the ownership of each piece of consigned jewelry.

Moreover, with respect to Ms. Rechnitz, Marco does not allege a single fact demonstrating that she had anything to do with any concealment or liquidation of the consigned jewelry. Thus, once again, Marco's claim against her should be dismissed. With respect to Mr. Rechnitz, Marco baldly asserts that he "learned from colleagues that Jona liquidated all pieces of Marco LLC's Consigned Jewelry (including Rovinsky's Ring & Necklace)." (Compl., ¶ 38.) This is insufficient. Marco does not plead with any specificity what his basis is for believing the jewelry had been liquidated. He does not plead any allegations concerning who these "colleagues" are; nor does he allege what it is they told him and to which of the 15 consignments that information related. This is nothing more than an allegation based upon information and belief, and thus Marco must "set forth the source of [his] information or a sufficient factual basis upon which [his] information and belief is based." *W. Sugar Co-op. v. Archer-Daniels-Midland Co.*, No. CV 11-3473 CBM MANX, 2012 WL 3101659, at *6 (C.D. Cal. July 31, 2012) (internal quotation marks omitted); *see also Neubronner v. Milken*, 6 F.3d 666, 672 (9th Cir. 1993) (upholding district court's dismissal of fifth amended complaint and noting that, in context of Rule 9(b) "a plaintiff who makes allegations on information and belief must state the factual basis for the belief").

It is also worth noting, at least with respect to certain items, that Marco apparently knew exactly where they were, and that Rechnitz Defendants were not concealing or withholding them. (*See* Marco Answer (Dkt. 18) at 13-14, 26 (indicating that Marco told Rovinsky where his items were, and Rovinsky actually bought them back and now possesses those items).)

Moreover, Peter Marco stated in a declaration filed under penalty of perjury in the pending bankruptcy matter that he consigned the jewelry to Jadelle LLC "for the purpose of

12

reselling [the jewelry] to Jadelle's clients."   RJN, Exh. A.   Thus, even if Jadelle LLC ultimately liquidated the jewelry, any claims Marco has would seem to be against Jadelle LLC for breach of contract—not Rechnitz Defendants.

Accordingly, Marco's claim of civil theft should be dismissed.

### 3.   Third Cause of Action: Embezzlement

"There is no civil claim for embezzlement in California . . . ."   *Cahill v. Edalat*, No. SACV16686AGDFMX, 2016 WL 9086936, at *5 (C.D. Cal. Oct. 4, 2016); *see also Sharp v. Nationstar Mortg., LLC*, 701 F. App'x 596, 598 (9th Cir. 2017) (citing *In re Basinger*, 45 Cal. 3d 1348, 1363 (1988) (in bank) ("Under California law, there is no independent civil cause of action for embezzlement; any embezzlement claim is subsumed in a claim for conversion."); *In re Martinez*, 610 B.R. 290, 307 (Bankr. N.D. Cal. 2019) ("[U]nder California law embezzlement is a criminal claim.  Civil claims for recovery based on embezzlement are pursued on the basis of conversion."); *Mohebbi v. Khazen*, 50 F.Supp.3d 1234, 1257 (N.D. Cal. 2014) ("Under California law, embezzlement is a criminal act.  However, there is no civil claim for embezzlement under California law; Plaintiff cites to no statute or case law in his Opposition to the Motion to Dismiss which suggests any civil cause of action for embezzlement or diversion of funds." (citations omitted)).

Even if such a claim did exist, Marco has premised the claim on the allegation of fraud. Thus, this claim would fail for the same reasons that Marco's first cause of action fails.  This claim for relief should be dismissed.

### 4.   Fourth Cause of Action: Civil Conspiracy to Commit Theft, Fraud, and Fraud by Concealment

Peter Marco has also failed to adequately plead his claim for conspiracy to commit fraud.  The Ninth Circuit has held that "a plaintiff must plead, at a minimum, the basic elements of a civil conspiracy if the object of the conspiracy is fraudulent." *Wasco Prod., Inc. v. Southwall Techs., Inc.*, 435 F.3d 989, 991 (9th Cir. 2006).  In California, those elements include: (1) that the defendant knowingly formed and operated a conspiracy with others to defraud the plaintiff, and then (2) committed a wrongful act in furtherance of that

13

conspiracy, (3) causing damage. *Kidron v. Movie Acquisition Corp.*, 40 Cal.App.4th 1571, 1581-82 (1995). Thus, as a threshold matter, the complaint must allege, with the particularity required by Rule 9(b), that Mr. and Ms. Rechnitz knowingly agreed to help others further the underlying fraud. *See id.*; *Solano v. America's Servicing Co.*, No. 10-cv-02426, 2011 WL 1669735, at *10 (E.D. Cal. May 3, 2011) ("To allege a civil "conspiracy to defraud," a complaint must meet the particularity requirements of [Rule] 9(b)."). Thus, Marco is required to plead "'the who, what, when, where, and how' of the misconduct charged." *Kearns*, 567 F.3d at 1124 (citation omitted).

### a.  Rachel Rechnitz

Marco's claim for conspiracy against Ms. Rechnitz fails as a matter of law. The Complaint contains no adequately pled allegations that Ms. Rechnitz formed a conspiracy with others to defraud Marco. Marco relies solely on Ms. Rechnitz's relationship to her husband and the fact that she is a managing member of Jadelle to support the claims against her. This falls far short of the heightened pleading standard for fraud claims.

Nor does the Complaint allege any facts demonstrating that Ms. Rechnitz committed a wrongful act in furtherance of the conspiracy.

### b.  Jona Rechnitz

Nor does Marco plead anything more than a conclusory allegation that Mr. Rechnitz entered into an agreement to commit fraud against Marco. There is not a single fact alleged that supports the existence of an agreement. Because there can be no conspiracy without an agreement, this claim should be dismissed. *See Hayduk v. Lanna*, 775 F.2d 441, 444 (1st Cir. 1985) ("Without supporting facts regarding the circumstances surrounding the formation of the conspiracy to defraud plaintiffs or plaintiffs' basis for believing that a conspiracy existed for the purpose of defrauding them, the allegation becomes a conclusional [sic] accusation of the sort that is proscribed by Rule 9(b).").

Moreover, as discussed, Marco's allegations are not pled with the specificity required by Rule 9(b) and do not support a conspiracy claim. The fourth cause of action should be dismissed.

### 5.   **Fifth Cause of Action: Conversion**

Marco's fifth cause of action for conversion is also grounded in fraud.  (*See* Compl., ¶ 119 (alleging in conclusory fashion that "Third-Party Defendants have intentionally and substantially interfered with Marco's property by means of false and fraudulent activity").) Thus, the allegations supporting the claim must meet the heightened pleading standard of Rule 9(b).  In addition to being required to plead with particularity allegations of fraudulent conduct (which Marco failed to do), Marco is also required to plead with particularity the elements of conversion: "ownership or right to possession of property, wrongful disposition of the property right and damages." *Kremen v. Cohen*, 337 F.3d 1024, 1029 (9th Cir. 2003). Marco fails to sufficiently plead facts to support these elements.

As a threshold matter, Marco has not pled a single fact sufficient to support his conclusory claim of ownership over the consigned jewelry at issue.  He has not pled any facts demonstrating the circumstances concerning his ownership—such as when and how he came to own each piece of jewelry consigned to Jadelle LLC.  In fact, the Complaint reflects that certain pieces of jewelry actually belong to vendors other than Peter Marco.  (*See* Compl., ¶ 33.)

Moreover, Peter Marco fails to allege with the requisite particularity facts concerning the second element of conversion: wrongful disposition of the property.  Rather, Peter Marco improperly lumps the Third-Party Defendants together and vaguely alleges:

> Third-Party Defendants sold, encumbered, or otherwise transferred Marco's Consigned Jewelry (including Rovinsky's Ring & Necklace) to third parties of questionable reputation, subject to Marco's Consignment Memos without the knowledge of Marco.  These transferees took possession of Marco's Consigned Jewelry (including Rovinsky's Ring & Necklace). Once Marco discovers the identities of these fraudulent transferees, Marco will amend this Complaint to add them as Third-Party Defendants to a claim and delivery (replevin) cause of action.

(Compl., ¶ 118.)   Not only does this allegation fail to meet the specificity requirement of Rule 9(b), it demonstrates the speculative nature of Marco's claims. *Twombly*, 550 U.S. at 555 ("Factual allegations must be enough to raise a right to relief above the speculative

15

level."). While claiming it is a fact that the jewelry was transferred to "third parties of questionable reputation," Marco simultaneously alleges that he is not even aware of the identities of the supposed third-parties. If he doesn't know who the jewelry was supposedly transferred to, how could Marco possibly know that they have questionable reputations? It would appear that this claim is nothing more than conjecture.

**B.**    **Peter Marco Fails to State a Claim for Breach of Contract or Breach of the Implied Covenant of Good Faith and Fair Dealing.**

After filing an involuntary bankruptcy petition to recover amounts allegedly owed pursuant to the consignment agreements, Marco then initiated this action against Rechnitz Defendants, claiming each of them owed Marco for the same claim he sought to recover in the bankruptcy court. However, the contractual claims against Rechnitz Defendants fail because, according to Marco's own judicial admissions, there is a lack of privity. *See Hornberger v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, No. SACV141645DOCRNBX, 2015 WL 13310465, at *3 (C.D. Cal. Jan. 22, 2015) (exercising discretion to consider facts alleged in declaration filed before another court as judicial admissions binding against party who made them in context of motion to dismiss); *Ham v. Hain Celestial Grp., Inc.*, 70 F.Supp.3d 1188, 1195 (N.D. Cal. 2014) (granting motion to dismiss breach of contract claim for lack of privity).

As Peter Marco admitted in a declaration filed with the bankruptcy court, Marco consigned the jewelry at issue to Jadelle LLC. (RJN, Exh. A at ¶ 6.) However, even if Marco had not stated in a separate court filing under penalty of perjury that the consignments were made to Jadelle LLC, Marco fails to state a claim as to the sixth and seventh causes of action.

1.    **Sixth Cause of Action: Breach of Contract**

Marco fails to adequately plead all the elements of breach of contract. "[T]he elements of a cause of action for breach of contract are (1) the existence of the contract, (2) plaintiff's performance or excuse for nonperformance, (3) defendant's breach, and (4) the resulting damages to the plaintiff." *Soundgarden v. UMG Recordings, Inc.*, No. LACV1905449JAKJPRX, 2020 WL 1815855, at *14 (C.D. Cal. Apr. 6, 2020) (citing *Oasis*

16

*W. Realty, LLC v. Goldman*, 51 Cal. 4th 811, 821 (2011)). "'A written contract may be pleaded either by its terms—set out verbatim in the complaint or a copy of the contract attached to the complaint and incorporated therein by reference—or by its legal effect,' which also requires allegations as to 'the substance of its relevant terms.'" *Id.* (citations omitted).

Here, Marco fails to plead contractual terms necessary to establish the third element of this cause of action: defendant's breach. Specifically, Marco fails to plead by when either payment or return of the jewelry was to be completed. The cause of action is premised on the allegation that Rechnitz Defendants breached the consignment agreements by failing to return the jewelry or make full payments to Marco (Compl., ¶ 135), but Marco pleads no facts alleging payment was due. He merely concludes that the payments are "past due and owing." (*Id.*) Such conclusory allegations alone cannot survive a motion to dismiss.

The contract terms are also insufficiently pled in light of Peter Marco's judicial admission that he consigned the jewelry to Jadelle LLC. To the extent Marco asserts in this action that Rechnitz Defendants were also parties to the consignment agreements, insufficient facts are pled to discern the allocation of obligations and rights between and among Jadelle LLC, Mr. Rechnitz, and Ms. Rechnitz. Absent any allegations demonstrating who had the right of possession, who had the right to sell the jewelry, and who had the obligation to either tender payment or return the jewelry to Marco, the Complaint fails to plead allegations evidencing a breach by any party. Thus, Marco has not properly alleged that either of the Rechnitz Defendants breached any agreement.

And with respect to Ms. Rechnitz, Marco fails to plead anything other than conclusory allegations and a formulaic recitation of the elements of a breach of contract. Despite not pleading a single fact concerning Ms. Rechnitz's involvement with any of the consignment agreements (*see* Compl., ¶¶ 31-37), Marco attempts to assign liability to Ms. Rechnitz by doing nothing more than sticking her name into each of the allegations setting forth the elements of the claim and masquerading those elements as factual assertions. (*Id.* at ¶¶ 123-36.) Such allegations fail to state a claim under the well-pleaded complaint rule. *See Iqbal,*

17

556 U.S. at 678 ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.") (citing *Twombly*, 550 U.S. at 555); *Moss v. U.S. Secret Service*, 572 F.3d 962, 969 (9th Cir. 2009) ("[F]or a complaint to survive a motion to dismiss, the non-conclusory 'factual content,' and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief.").

Marco's claim for breach of contract against Rechnitz Defendants should be dismissed.

### 2. Seventh Cause of Action: Breach of Implied Covenant of Good Faith and Fair Dealing

"To state a claim for breach of an implied covenant of good faith and fair dealing, the specific contractual obligation from which the implied covenant arose must be alleged." *Terpin v. AT&T Mobility, LLC*, 399 F.Supp.3d 1035, 1050 (C.D. Cal. 2019) (citing *Inter-Mark USA, Inc. v. Intuit, Inc.*, 2008 WL 552482, at *6 (N.D. Cal. Feb. 27, 2008)). Privity issues aside, Marco does not plead any specific contractual obligation giving rise to an implied covenant—nor does he allege facts demonstrating which parties were bound by that obligation. Instead, Marco alleges, in conclusory fashion:

> 138. Based on the foregoing, Third-Party Plaintiffs are informed and believe, and on such information and belief allege, that based on the foregoing, Third-Party Defendants breached the implied covenant of good faith and fair dealing continuously throughout the business relationship with Marco.

> 139. Third-Party Plaintiffs are informed and believe, and on such information and belief allege, that there may be other facts constituting breach of the implied covenant of good faith and fair dealing which will be presented through discovery or at the time of trial.

(Compl., ¶¶ 138-39).

Additionally, "[w]hen a party brings claims for breach of the implied covenant of good faith and fair dealing and breach of contract, if the 'allegations do not go beyond the statement of a mere contract breach and, relying on the same alleged acts, simply seek the same damages or other relief already claimed in a companion contract clause of action, they may be disregarded as superfluous as no additional claim is actually stated.'" *Soundgarden*

*v. UMG Recordings, Inc.*, No. LACV1905449JAKJPRX, 2020 WL 1815855, at *17 (C.D. Cal. Apr. 6, 2020) (citing *Careau & Co. v. Sec. Pac. Bus. Credit, Inc.*, 222 Cal. App. 3d 1371, 1395 (1990)).  Here, Marco has pled no additional facts in support of his breach of implied covenant of good faith and fair dealing claim.  Instead, he incorporates by reference the exact same facts that constituted the basis of his breach of contract claim.  Furthermore, he seeks the same amount of damages in both causes of action—$6,950,444.40—though he leaves the door open for additional damages to be proven at trial with respect to each claim. (*See* Compl., ¶¶ 135, 140).  Because he fails to state any additional claim separate and distinct from the breach of contract cause of action, this cause of action is superfluous.

Finally, to the extent Peter Marco's seventh cause of action relies on the theory of fraud pled elsewhere in the Complaint, he fails to comply with the requirements of Rule 9(b).

The seventh cause of action must be dismissed.

## C.    Peter Marco Fails to State a Claim for Account Stated.

"The elements of claim for an account stated are '(1) previous transactions between the parties establishing the relationship of debtor and creditor; (2) an agreement between the parties, express or implied, on the amount due from the debtor to the creditor; (3) a promise by the debtor, express or implied, to pay the amount due.'"  *J D Factors, LLC v. Reddy Ice Holdings Inc.*, No. CV 14-06709 DDP FFMX, 2015 WL 630209, at *2 (C.D. Cal. Feb. 12, 2015) (citing *Zinn v. Fred R. Bright Co.,* 271 Cal.App.2d 597, 600 (1969)).  "[A]n action on an account stated is an entirely new contract by and under which the parties have adjusted their differences and mutually reached an agreement; it is not based upon the original terms, but upon a balance agreed to by the parties, and no inquiry may be made into original terms."  *Elizabeth Arden*, 2011 WL 13217930, at *3 (citation omitted).  "The law is established in California that a debt which is predicated upon the breach of the terms of an express contract cannot be the basis of an account stated."  *Id.* (citing *Moore v. Bartholomae Corp.*, 69 Cal. App. 2d 474, 477 (Cal. Ct. App. 1945).

Here, Marco has filed a breach of contract claim against each of the Rechnitz Defendants.  That claim alleges that Rechnitz Defendants owe Marco $6,950,444.40 because

they failed to return consigned jewelry to Marco or pay him the full value of the jewelry. Marco cannot simultaneously allege an account stated cause of action for the exact same amount based on the same alleged debt.  Thus, Marco's eighth cause of action should be dismissed.

Even if Marco had not separately alleged a contractual breach claim, he fails to state a claim upon which relief can be granted.  Marco fails to allege any previous transactions between himself and Ms. Rechnitz.  Thus, he fails to plead the first element of the account stated claim, and his claim should be dismissed as to Ms. Rechnitz.  Moreover, it is clear from Marco's declaration filed with the bankruptcy court that Marco believes Jadelle LLC is the debtor with whom he has an account stated.  His attempts to recover Jadelle's debts in civil court through claims against Rechnitz Defendants are nothing more than gamesmanship.

## D. Peter Marco Fails to State a Claim for Unethical Business Practices.

Peter Marco's ninth cause of action alleges Rechnitz Defendants engaged in "unethical business practices" in violation of California Business and Professions Code Section 17200. Specifically, Marco alleges that: "Based on the foregoing, Third-Party Plaintiffs are informed, believe, and thereupon allege, that Third-Party Defendants intentionally conspired with each other to restrain competition and deprive Marco of the benefit of their contracts." (Compl., ¶ 148.)  The Complaint is completely devoid of any facts supporting this conclusory allegation.  In fact, such an allegation is nonsensical in the context of the allegations made in the Complaint.  Not only does Marco claim that he did in fact enter into contracts with Rechnitz Defendants (and/or the Jadelle entities through which he alleges they operated their jewelry business), he also claims that Rechnitz Defendants, as well as Third-Party Defendant Levin Prado, are alter egos of each other.  While it is dubious that the law would permit a finding that three individuals are alter egos of one another, it defies logic that Marco would make such an allegation while simultaneously claiming that those individuals were "intentionally conspiring with each other to restrain competition."  Assuming Third-Party Defendants were alter egos of each other, they would not be separate and distinct individuals,

and thus it is hard to understand how they could conspire with each other to restrain competition.

Moreover, to the extent this cause of action relies on allegations of fraud (*see* Compl., ¶ 150), Marco has certainly failed to meet the particularized pleading standard of Rule 9(b). He does not plead a single fact upon which he bases his belief that Rechnitz Defendants "intentionally conspired to restrain competition and deprive Marco of the benefit of their contracts."

This claim should be dismissed.

## V.    CONCLUSION

For the foregoing reasons, Jona Rechnitz and Rachel Rechnitz respectfully request that the Court dismiss each of the causes of action alleged against them in Peter Marco's Amended Third-Party Complaint with prejudice.

Respectfully submitted,

Dated:  June 15, 2020          **COHEN WILLIAMS LLP**


By:  */s/ Brittany L. Lane*
     Marc S. Williams
     Reuven L. Cohen
     Brittany L. Lane
     Youngbin Son

     *Attorneys for Third-Party Defendants,*
     *JONA S. RECHNITZ and RACHEL*
     *RECHNITZ*

**MOTION TO DISMISS**