Marc S. Williams (Bar No. 198913)
E-mail: mwilliams@cohen-williams.com
Reuven L. Cohen (Bar No. 231915)
E-mail: rcohen@cohen-williams.com
Brittany L. Lane (Bar No. 323440)
E-mail: blane@cohen-williams.com
Youngbin Son (Bar No. 324547)
E-mail: yson@cohen-williams.com
**COHEN WILLIAMS LLP**
724 South Spring Street, Ninth Floor
Los Angeles, CA 90014
Telephone:   (213) 232-5160
Facsimile:   (213) 232-5167

Attorneys for Third-Party Defendants,
JONA S. RECHNITZ and RACHEL RECHNITZ

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID ROVINSKY LLC, a Delaware limited liability company,<br><br>         Plaintiff,<br><br>PETER VOUTSAS aka PETER MARCO aka PETER VOUTSAS, aka PETER MARCO EXTRAORDINARY JEWELS OF BEVERLY HILLS, dba PETER MARCO LLC,<br><br>         Defendants/Third-Party Plaintiffs,<br><br>v.<br><br>JONA S. RECHNITZ, an individual; RACHEL RECHNITZ, an individual; LEVIN PARDO aka LEVON PRADO, an individual,<br><br>         Third-Party Defendants. | Case No. 2:20-cv-02580-ODW-AS<br><br>**THIRD-PARTY DEFENDANTS JONA S. RECHNITZ AND RACHEL RECHNITZ'S REPLY IN SUPPORT OF MOTION TO DISMISS THE AMENDED THIRD-PARTY COMPLAINT PURSUANT TO FRCP 12(b)(6); DECLARATION OF BRITTANY L. LANE**<br><br>Date:         July 13, 2020<br>Time:        1:30 p.m.<br>Courtroom   5D |

**REPLY IN SUPPORT OF MOTION TO DISMISS**

# TABLE OF CONTENTS

I. INTRODUCTION ................................................................................................ 1

II. RESPONSE TO MARCO'S "PROCEDURAL CONCERNS" ............................. 1

III. PROPRIETY OF THE REQUEST FOR JUDICIAL NOTICE ............................ 2

IV. ARGUMENT ........................................................................................................ 2

    A. Peter Marco's Complaint Fails to State a Claim Against Rachel Rechnitz. ................................................................................................... 2

        1. First, Second, Fourth, and Fifth Causes of Action (Fraud; Civil Theft; Conspiracy to Commit Theft, Fraud, and Fraud by Concealment; and Conversion) ................................ 4

        2. Sixth and Seventh Causes of Action (Breach of Contract; Breach of Implied Covenant of Good Faith and Fair Dealing) ............................................................................................ 6

        3. Eighth Cause of Action (Account Stated) ................................. 7

        4. Ninth Cause of Action (Unethical Business Practices) ............. 7

    B. Peter Marco's Complaint Fails to State a Claim Against Jona Rechnitz. ................................................................................................... 7

        1. First Cause of Action (Fraud) .................................................... 7

        2. Second Cause of Action (Civil Theft) ....................................... 8

        3. Third Cause of Action (Embezzlement) .................................... 9

        4. Fourth Cause of Action (Civil Conspiracy) ............................... 9

        5. Fifth Cause of Action (Conversion) ......................................... 10

        6. Sixth Cause of Action (Breach of Contract) ........................... 10

        7. Seventh Cause of Action (Breach of Implied Covenant of Good Faith and Fair Dealing) ................................................. 10

        8. Eighth Cause of Action (Account Stated) ............................... 11

        9. Ninth Cause of Action (Unethical Business Practices) ........... 11

V. CONCLUSION ................................................................................................... 12

# **TABLE OF AUTHORITIES**

**CASES**

*Ashcroft v. Iqbal*
  556 U.S. 662 (2009) ................................................................................................ 3

*Bly-Magee v. California*
  236 F.3d 1014 (9th Cir. 2001) ................................................................................ 6

*Cahill v. Edalat*
  No. SACV16686AGDFMX, 2016 WL 9086936 (C.D. Cal. Oct. 4, 2016) ........... 9

*Eclectic Properties East, LLC v. Marcus & Millichap Co.*
  751 F.3d 990 (9th Cir. 2014) .................................................................................. 8

*Hayduk v. Lanna*
  775 F.2d 441 (1st Cir. 1985) ................................................................................... 9

*Hornberger v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*
  No. SACV141645DOCRNBX, 2015 WL 13310465 (C.D. Cal. Jan. 22, 2015) ... 2

*In re Platinum-Beechwood Litig.*
  427 F. Supp. 3d 395 (S.D.N.Y. 2019) ............................................................... 5, 6

*J D Factors, LLC v. Reddy Ice Holdings Inc.*
  No. CV 14-06709 DDP FFMX, 2015 WL 630209 (C.D. Cal. Feb. 12, 2015) ... 11

*Jackson v. Fischer*
  931 F. Supp. 2d 1049 (N.D. Cal. 2013) ................................................................. 7

*Janus Capital Grp., Inc. v. First Derivative Traders*
  564 U.S. 135 (2011) ................................................................................................ 5

*Lee v. City of Los Angeles*
  250 F.3d 668 (9th Cir. 2001) .................................................................................. 2

*Neubronner v. Milken*
  6 F.3d 666 (9th Cir. 1993) ...................................................................................... 3

*Soundgarden v. UMG Recordings, Inc.*
  No. LACV1905449JAKJPRX, 2020 WL 1815855 (C.D. Cal. Apr. 6, 2020) ... 11

*United Guar. Mortg. Indem. Co. v. Countrywide Fin. Corp.*
  660 F.Supp.2d 1163 (C.D. Cal. 2009) .................................................................. 4

*United States ex rel. Anita Silingo v. WellPoint, Inc.*
  904 F.3d 667 (9th Cir. 2018) .................................................................................. 5

*United States ex rel. James Swoben v. United Healthcare Ins. Co.*
  848 F.3d 1161 (9th Cir. 2016) ............................................................................ 5, 6

*W. Sugar Co-op. v. Archer-Daniels-Midland Co.*
  No. CV 11-3473 CBM MANX, 2012 WL 3101659 (C.D. Cal. July 31, 2012) ... 4, 9

## I.   INTRODUCTION

Peter Marco ignored the rules of this Court by filing a 36-page opposition [Dkt. 66] ("Opposition")—which well exceeds the 25-page limit.[1]  He did not seek leave from this Court to exceed the page limitation.  For this reason alone, Marco's Opposition should be disregarded (or at least the 11 excess pages should be).

On the merits, Marco's Opposition does little more than restate his conclusory allegations and misapply the law.  Marco ignores many of the substantive arguments raised in Rechnitz Defendants' motion to dismiss [Dkt. 63] ("Motion"), and instead relies on irrelevant law and straw man arguments in an effort to confuse the issues.  Marco continues his efforts to introduce allegations of Mr. Rechnitz's unrelated prior conduct in order to "rebut his innocence" and because such allegations "add[] color."  Marco's reliance on this type of evidence is completely misguided.  Past conduct—*totally unrelated to Peter Marco*—is insufficient to state a claim for which relief can be granted *to Peter Marco*.  This is especially true where, as here, the majority of Marco's claims are based on a theory of fraud, and thus are subject to the heightened pleading standards of Rule 9(b).

Marco's reliance on Jona Rechnitz's alleged conduct only further highlights his failure to state a claim against Rachel Rechnitz, who is not alleged to be directly involved in such actions in the Complaint.

For these reasons and those stated in the moving papers and below, Marco's claims against Jona and Rachel Rechnitz should be dismissed.

## II.   RESPONSE TO MARCO'S "PROCEDURAL CONCERNS"

As a threshold matter, Rechnitz Defendants take no issue with the Court ruling on their pending motion to stay [Dkt. 44] prior to ruling on this Motion.  Should the Court do so and grant the motion to stay, Rechnitz Defendants agree with Marco that this Motion would be stayed until such time as the Court ordered the stay lifted.  (*See* Mot. at 3, n. 2.)  However,

---

[1] This is not the first time Marco has filed an over-sized brief without requesting approval from the Court.  (*See* Third-Party Plaintiffs' Opposition to Motion for Stay of Proceedings [Dkt. 48].)

1
**REPLY IN SUPORT OF MOTION TO DISMISS**

Rechnitz Defendants disagree with Marco that they could have chosen to ignore their deadline to respond to the Complaint simply because the motion to stay was pending. Rechnitz Defendants were required to respond to the Complaint by June 15, 2020. (Waivers of Service of Summons [Dkt. 29, 30]; Opp. at 1.) This Motion was timely filed on that date.

Marco's claim that he would have stipulated to a "reasonable" extension, "had [Rechnitz Defendants] requested it," is bewildering. (Opp. at 1.) Rechnitz Defendants *did* seek a short, two-week continuance from Marco. (*See* Lane Decl., ¶¶ 3-5.) Counsel for Rechnitz Defendants even circulated a draft stipulation to Marco's counsel. (*Id.* at ¶ 4.) Marco's counsel failed to review or respond to the draft stipulation until Monday, June 15, 2020—the date on which the response to the Complaint was due. (*Id.* at ¶ 6.)

### III. PROPRIETY OF THE REQUEST FOR JUDICIAL NOTICE

Contrary to Marco's allegations, the Court may properly consider judicially noticeable documents, including publicly filed documents, when ruling on a motion to dismiss. *See Lee v. City of Los Angeles*, 250 F.3d 668, 688-89 (9th Cir. 2001). The Court may likewise consider facts asserted in a declaration filed in another court as judicial admissions that are binding against the party who asserted them. *See Hornberger v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, No. SACV141645DOCRNBX, 2015 WL 13310465, at *3 (C.D. Cal. Jan. 22, 2015). The only document (other than pleadings in this case) that Rechnitz Defendants have asked the Court to consider is a declaration that Marco signed on May 19, 2020, and submitted to the bankruptcy court. The Court may properly consider that declaration in deciding whether to dismiss the Complaint.

### IV. ARGUMENT

**A.    Peter Marco's Complaint Fails to State a Claim Against Rachel Rechnitz.**

Marco's Opposition further shows why the Complaint should be dismissed as to Rachel Rechnitz. Marco fails to point to a single non-conclusory allegation that supports a claim against Ms. Rechnitz. He relies entirely on seven paragraphs (Nos. 6, 7, 8, 15, 16, 17, and 18) of his 150-paragraph Complaint. (*See* Opp. at ¶¶ 7, 15-17, 20-21, 27-30.) These paragraphs are grossly insufficient to state a claim against Rachel Rechnitz.

Paragraphs 6 and 7 simply state that Rachel Rechnitz is Jona Rechnitz's wife; that she and Mr. Rechnitz operate a jewelry business through the Jadelle Entities; and that she is the managing member of one Jadelle Entity and the Chief Executive Officer of the other. These facts do not give rise to a claim against Ms. Rechnitz.

Paragraphs 8 and 15 relate only to Marco's fraud causes of action. These paragraphs simply allege that "[t]he alleged frauds committed *by Jona* were committed with Rachel's knowledge and direction, making her personally liable. Without Rachel setting up the entities to commit the frauds, . . . none of the below-referenced offenses could have occurred." (Compl., ¶ 8.; *see also id.* at ¶ 15 (including substantially similar language).) Marco fails to identify a single fact in the Complaint supporting the conclusory allegation that Rachel knew of or directed any alleged fraudulent conduct. Indeed, it is clear that Marco is basing his claims against Rachel Rechnitz entirely on her alleged role in creating the Jadelle entities. Creating an entity does not amount to knowledge of fraud. Paragraphs 8 and 15 also fall woefully short of the heightened pleading requirements of Rule 9(b).

The remaining 3 paragraphs—16, 17, and 18—consist solely of conclusory allegations based on "information and belief." (*See* Compl., ¶ 16 (alleging, on information and belief, that Ms. Rechnitz "formed a civil conspiracy and engaged in acts in operation and furtherance of that conspiracy"); ¶ 17 (alleging, on information and belief, that Ms. Rechnitz "was the agent, servant, joint venturer, co-conspirator, and/or employee of some or all of the remaining Third-Party Defendants"), ¶ 18 (alleging, on information and belief, that Ms. Rechnitz is an alter ego of Mr. Rechnitz and Levin Prado).) Such conclusory allegations are "not entitled to the assumption of truth," and are insufficient to support a plausible claim for relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 680 (2009). Nor do they comply with Rule 9(b). And Marco fails to allege the facts upon which his "beliefs" are based, as required when stating a claim grounded in fraud. *See Neubronner v. Milken*, 6 F.3d 666, 672 (9th Cir. 1993) (upholding district court's dismissal of complaint and noting that, in Rule 9(b)context, "a plaintiff who makes allegations on information and belief must state the factual basis for the belief"); *W. Sugar Co-op. v. Archer-Daniels-Midland Co.*, No. CV 11-3473 CBM MANX, 2012 WL

3101659, at *6 (C.D. Cal. July 31, 2012) ("Several of Plaintiffs' allegations are based 'upon information and belief.' However, Plaintiffs must set forth the source of their information or a sufficient factual basis upon which their 'information and belief' is based.").

It is glaringly clear from both the Complaint and the Opposition that Marco's theories of liability against Rachel Rechnitz are completely devoid of any non-conclusory allegations against her. Marco cannot cure this defect simply by lumping Ms. Rechnitz with her husband (against whom Marco has failed to state a claim in any event). Marco's case against Rachel Rechnitz should be dismissed with prejudice.

1. **First, Second, Fourth, and Fifth Causes of Action (Fraud; Civil Theft; Conspiracy to Commit Theft, Fraud, and Fraud by Concealment; and Conversion)**

Because Marco is unable to point to a single non-conclusory factual allegation upon which his claims against Rachel Rechnitz are based, let alone an allegation sufficient to meet the heightened pleading standards of Rule 9(b), the four causes of action sounding in fraud against her must be dismissed. *See United Guar. Mortg. Indem. Co. v. Countrywide Fin. Corp.*, 660 F.Supp.2d 1163, 1171 (C.D. Cal. 2009) ("Even if fraud is not an essential element of a claim, Rule 9(b) still applies to claims that are grounded in fraud (also known as claims that sound in fraud) and to averments of fraud. Allegations that do not meet Rule 9(b) are disregarded or stripped from the complaint.").

Marco argues that "there is no need for Marco to differentiate Rachel's fraud from her husband Jona's among those allegations that are common to the group." (Opp. at 13.) This argument fails for two reasons. First, Marco has failed to plead any non-conclusory allegations that are common to the "group." This is evident from the seven paragraphs in the Complaint upon which Marco relies to support his claims against Ms. Rechnitz. It is also evident from the "General Allegations" in the Complaint. Of the approximately 22 pages and 60 paragraphs comprising that section, not a single page or paragraph contains an allegation against Rachel Rechnitz—or even "Third-Party Defendants" collectively. (*See* Compl., ¶¶ 25-85.) Thus, Marco cannot invoke any "group pleading" exception to Rule 9(b).

Second, Marco's argument distorts the case law. He cites to three cases: *United States ex rel. Anita Silingo v. WellPoint, Inc.*, 904 F.3d 667 (9th Cir. 2018); *United States ex rel. James Swoben v. United Healthcare Ins. Co.*, 848 F.3d 1161 (9th Cir. 2016); *In re Platinum-Beechwood Litig.*, 427 F. Supp. 3d 395 (S.D.N.Y. 2019). None of these cases supports Marco's position. Rather, they support dismissal of the claims against Ms. Rechnitz.

As set forth in *Silingo*, "[t]o satisfy Rule 9(b), a fraud suit against differently situated defendants must 'identify the role of each defendant in the alleged fraudulent scheme.'" 904 F.3d at 677. Thus, Rule 9(b) requires that "when defendants *engage in different wrongful conduct*, plaintiffs must likewise 'differentiate their allegations.'" *Id.* It is only when defendants have "the *exact same role* in a fraud" that the complaint need not distinguish between them. *Id.*; *see also Swoben*, 848 F.3d at 1184 (noting it is only when defendants "are alleged to have engaged in precisely the same conduct" that collective allegations are acceptable, and finding that, where complaint alleged companies engaged in conduct of a fraudulent design but only alleged specific details as to certain companies, "the absence of any details regarding [three] particular defendants" rendered them insufficient to satisfy Rule 9(b)). Marco's Opposition makes clear that Jona Rechnitz and Rachel Rechnitz are differently situated. Unlike in *Silingo*, where the court noted the collective allegations involved various companies that were each acting as spokes in a wheel-like conspiracy, Marco concedes that his Complaint alleges that Jona Rechnitz is "the hub," and Rachel Rechnitz is only a "spoke." (Opp. at 13.) Thus, collective allegations are impermissible.

Moreover, Marco does not allege that Mr. Rechnitz and Ms. Rechnitz "engaged in precisely the same conduct." The Complaint contains numerous allegations as to Mr. Rechnitz that on their face do not apply to Ms. Rechnitz. For example, Marco attributes specific statements to Jona Rechnitz. Marco does not allege that Rachel Rechnitz made any statements—instead, without any basis, he seeks to hold her liable for statements made by Jona Rechnitz. *See Janus Capital Grp., Inc. v. First Derivative Traders*, 564 U.S. 135, 143 (2011) (noting in the 10b-5 context, a statement can only be made by the person who has ultimate control over the statement, such as the speaker himself). Indeed, Marco does not

make any specific allegations concerning Rachel Rechnitz's conduct. Thus, like in *Swoben*, "the flaw in [Marco's] allegations is not the use of collective allegations, but the failure to allege particular details of the scheme as applied to [Ms. Rechnitz]." 848 F.3d at 1184; *see also In re Platinum-Beechwood.*, 427 F. Supp. 3d at 452 (dismissing claims as to certain defendants due to absence of a single, particularized allegation against them).

The remainder of Marco's argument in support of his fraud claims against Rachel Rechnitz is that "discovery will yield further evidence of her culpability". (Opp. at 7, 8.) Marco ignores the fact that Rule 9(b) was enacted to protect against precisely that kind of argument. *Bly-Magee v. California*, 236 F.3d 1014, 1018 (9th Cir. 2001) ("Rule 9(b) serves not only to give notice to defendants of the specific fraudulent conduct against which they must defend, but also 'to deter the filing of complaints as a pretext for the discovery of unknown wrongs, to protect [defendants] from the harm that comes from being subject to fraud charges, and to prohibit plaintiffs from unilaterally imposing upon the court, the parties and society enormous social and economic costs absent some factual basis.'" (citation omitted)).

Marco has not come close to stating a claim for any kind of fraud against Rachel Rechnitz, and the first, second, fourth, and fifth causes of action against her should be dismissed.

2.  **Sixth and Seventh Causes of Action (Breach of Contract; Breach of Implied Covenant of Good Faith and Fair Dealing)**

Marco essentially concedes that both of his contract claims against Rachel Rechnitz fail. The Opposition expressly states that Marco's "contractual agreements were with Jona & Jadelle, as the consignments were made to Jadelle **and Jona**." (Opp. at 31 (emphasis in original).) There is no adequately pled allegation in the Complaint that Rachel Rechnitz was a party to any contract, and Marco does not identify any in his Opposition. Nor does Marco cite any legal authority supporting contractual liability against Ms. Rechnitz in the absence of a contract. Marco merely makes vague and conclusory allegations concerning Ms. Rechnitz's knowledge of and failure to disavow the allegedly fraudulent actions of Jona

Rechnitz—which are not at issue with respect to the breach of contract claims. (*See* Opp. at 31-32.) There is no doubt that Marco's sixth and seventh causes of action against Rachel Rechnitz must be dismissed.

### 3. Eighth Cause of Action (Account Stated)

Marco makes no effort to point to *any* allegation in the Complaint sufficient to state a claim for account stated as to Rachel Rechnitz. Indeed, the only paragraph of the Complaint he points to in support of this cause of action is paragraph 44, which alleges that *Jona* Rechnitz issued Marco a worthless check for $2.95 million. (*See* Opp. at 34; Compl., ¶ 44.) Obviously, this is insufficient to support a claim against *Rachel* Rechnitz for Account Stated in the amount of $6,950,444.40. This count must be dismissed.

### 4. Ninth Cause of Action (Unethical Business Practices)

Marco makes no attempt to demonstrate how the Complaint is sufficiently pled as to the ninth cause of action against Rachel Rechnitz. He, again, fails to point to a single allegation in the Complaint supporting this claim, and thus it must be dismissed.

\*\*\*

Marco's allegations against Rachel Rechnitz fall far short of the well-pleaded complaint rule, as well as the requirements of Rule 9(b). Marco's claims against Ms. Rechnitz also fail for the reasons stated below with respect to Mr. Rechnitz.

**B. Peter Marco's Complaint Fails to State a Claim Against Jona Rechnitz.**

Marco resorts to making inflammatory allegations that are unrelated to the relevant conduct in order to support his claims against Jona Rechnitz. Such efforts are nothing more than an attempt to distract from the issue: that Marco has failed to sufficiently state a claim against Mr. Rechnitz for which relief can be granted.

### 1. First Cause of Action (Fraud)

On the fraud claim, Marco does not point to *any* facts in the Complaint that show any statements Jona Rechnitz made were false at the time they were made, or that Mr. Rechnitz knew they were false when made. (*See* Opp. at 13-15.) Thus, Marco has failed to state a claim for fraud. *See Jackson v. Fischer*, 931 F. Supp. 2d 1049, 1067 (N.D. Cal. 2013)

(finding plaintiff failed to state a claim for fraud and dismissing fraud cause of action where plaintiff failed to "plead facts showing why the statements were false at the time they were made" and failed to "allege facts showing knowledge (by the speaker) of the falsity").

Indeed, Marco relies on allegations that only demonstrate that Jona Rechnitz did *not* make misrepresentations he knew to be false when made. Marco alleges that Mr. Rechnitz claimed to have potential buyers for certain items of consigned jewelry prior to, and after, October 29, 2019. Yet, as Marco acknowledges in his Opposition, paragraph 38 of the Complaint states that Mr. Rechnitz did not make the decision to "abscond[]" with the jewelry until around January 2020, which is *after* Mr. Rechnitz made the alleged statements about potential buyers. (*See* Compl., ¶29 (reflecting that Jona Rechnitz was previously sentenced in an unrelated case on December 19, 2019), ¶ 38 (alleging Jona Rechnitz made the decision not to sell the jewelry but to "abscond" with it *weeks after* his December 2019 sentencing).) Moreover, Marco does not deny that his own allegations in the Complaint about the success of his previous business dealings with Jona Rechnitz render Marco's allegations insufficient under the plausibility standard. *See Eclectic Properties East, LLC v. Marcus & Millichap Co.*, 751 F.3d 990, 996 (9th Cir. 2014) ("Something more is needed, such as facts tending to exclude the possibility that the alternative explanation is true, in order to render plaintiffs' allegations plausible.").

### 2. Second Cause of Action (Civil Theft)

Marco fails to address any of the deficiencies raised by Rechnitz Defendants with respect to the second cause of action for civil theft. Because the claim for theft is explicitly based on fraud, each of the elements of his civil theft claim—including that the property was stolen and that Rechnitz Defendants received, concealed, or withheld the property from the owner—must be alleged with specificity. The Complaint fails to do so. As Rechnitz Defendants noted in their Motion, Marco's claim that the jewelry was "stolen" is based on the bald assertion in paragraph 38 of the Complaint that Marco "learned from colleagues that Jona liquidated all pieces of Marco LLC's Consigned Jewelry (including Rovinsky's Ring & Necklace)." (Compl., ¶ 38; *see also* Opp. at 19 (mistakenly referencing paragraph 39).)

As detailed in the Motion, these allegations are insufficient. Marco is required to plead "the source of [his] information or a sufficient factual basis upon which [his] information is based." *W. Sugar Co-op. v. Archer-Daniels-Midland Co.*, No. CV 11-3473 CBM MANX, 2012 WL 3101659, at *6 (C.D. Cal. July 31, 2012) (internal quotation marks omitted).

Marco makes no effort to address this failure in his Opposition. In fact, the closest he gets to addressing this failure is a general statement blaming his pleading failures on his lack of knowledge. (*See* Opp. at 20 ("In an ideal world, Plaintiffs should have enough of a roadmap to be able to track the theft and cite more facts with greater specificity. But very few defrauded creditors are privy to such roadmaps, as only Rechnitz knows the details to who he sold Plaintiffs' Consigned Jewelry to.").) This assertion is disingenuous. Marco is the one who pled that he "learned" Mr. Rechnitz liquidated the consigned jewelry from "colleagues." Indeed, only Marco—not Mr. Rechnitz—would know the specific details of his conversations with those "colleagues."

Marco also fails to address the lack of allegations supporting the claim that Mr. Rechnitz concealed or withheld property from its owner, including the lack of specificity as to the identity of the owners. And Marco's own pleadings suggest that Mr. Rechnitz was not concealing jewelry from Marco, or the rightful owner. (*See* Marco Answer (Dkt. 18) at 13-14, 26 (indicating that Marco was able to tell Rovinsky where his items were, and Rovinsky actually bought them back and now possesses those items).)

### 3. Third Cause of Action (Embezzlement)

"There is no civil claim for embezzlement in California . . . ." *Cahill v. Edalat*, No. SACV16686AGDFMX, 2016 WL 9086936, at *5 (C.D. Cal. Oct. 4, 2016). Marco does not offer any authority to the contrary. This claim must be dismissed with prejudice.

### 4. Fourth Cause of Action (Civil Conspiracy)

The Opposition does not address Marco's failure to make a single non-conclusory allegation supporting the existence of an agreement—a prerequisite for conspiracy. *See Hayduk v. Lanna*, 775 F.2d 441, 444 (1st Cir. 1985) ("Without supporting facts regarding the circumstances surrounding the formation of the conspiracy to defraud plaintiffs or

plaintiffs' basis for believing that a conspiracy existed for the purpose of defrauding them, the allegation becomes a conclusional [sic] accusation of the sort that is proscribed by Rule 9(b)."). This is fatal to Marco's fourth cause of action, along with his failure to adequately allege fraud.

### 5. Fifth Cause of Action (Conversion)

Once again, Marco ignores the arguments raised in the Motion. Marco never alleged, with the requisite specificity, any of the elements of conversion. Most importantly, he fails to allege that he is the owner of the jewelry at issue. In fact, his own Complaint indicates that he is *not* the owner of many of the pieces at issue. (*See* Compl., ¶ 33.)

Instead of addressing this failure, Marco again turns to the bare assertion that "colleagues" informed him that Mr. Rechnitz liquidated the consigned jewelry. (Opp. at 28.) This claim thus fails for the same reasons discussed in section IV.B.2, *supra*.

### 6. Sixth Cause of Action (Breach of Contract)

Marco also fails to address the insufficiency of his allegations with respect to the breach of contract claim. Instead, he simply copies and pastes the language of certain paragraphs of the Complaint into his Opposition. Because Marco's own judicial admissions state the contractual agreements were with Jadelle—not Mr. Rechnitz—and because Marco fails to allege specific contractual terms, such as when payment was due, his breach of contract claim should be dismissed.[2]

### 7. Seventh Cause of Action (Breach of Implied Covenant of Good Faith and Fair Dealing)

As noted in the Motion, "[w]hen a party brings claims for breach of the implied covenant of good faith and fair dealing and breach of contract, if the 'allegations do not go beyond the statement of a mere contract breach and, relying on the same alleged acts, simply

---

[2] Marco alleges that the consignment memoranda attached to his declaration in the bankruptcy case are sufficient notice to Rechnitz Defendants of the contractual terms. This assertion ignores the fact that Marco is required to sufficiently plead his allegations. It also ignores the serious concerns that Rechnitz Defendants raised regarding the authenticity and accuracy of the memoranda.

seek the same damages or other relief already claimed in a companion contract clause of action, they may be disregarded as superfluous as no additional claim is actually stated.'" *Soundgarden v. UMG Recordings, Inc.*, No. LACV1905449JAKJPRX, 2020 WL 1815855, at *17 (C.D. Cal. Apr. 6, 2020) (citation omitted). Marco's Opposition essentially concedes that his breach of implied covenant claim is superfluous and fails to meet the pleading requirements. (Opp. at 33 ("As Plaintiff's Complaint properly pled contractual breaches from specific contractual obligations, their breaches of implied covenants of good faith and fair dealing, emerge thereforth.").) Thus, the seventh cause of action should be dismissed.

### 8. Eighth Cause of Action (Account Stated)

Marco ignores the law stating that he cannot predicate a breach of contract claim and an account stated claim on the same debt. *See J D Factors, LLC v. Reddy Ice Holdings Inc.*, No. CV 14-06709 DDP FFMX, 2015 WL 630209, at *2 (C.D. Cal. Feb. 12, 2015). An account stated claim must be predicated on a new and separate agreement, apart from the original contract. *See id.* Marco fails to point to any new and separate agreement. (*See* Opp. at 34.) And the only allegation he points to in an effort to save his claim is that Mr. Rechnitz issued a worthless check for the previously-agreed upon price of certain jewelry worth $2,950,000. This allegation cannot support a claim for account stated in the amount of $6,950,444.40.

### 9. Ninth Cause of Action (Unethical Business Practices)

Marco's ninth cause of action alleges that Rechnitz Defendants engaged in unethical business practices by "intentionally conspir[ing] with each other to restrain competition and deprive Marco of the benefit of their contracts." (Compl., ¶ 148.) Because Rechnitz Defendants pointed out the glaring deficiencies of this allegation, Marco attempts to save his claim by invoking a new, general theory of liability based on fraud. But Marco failed to allege this new theory of liability in his Complaint, which would be subject to the heightened pleading standard of Rule 9(b). And Marco does not point to a single factual allegation to support this cause of action—even under his new theory of it. Instead, he simply states: "Based on Rechnitz's liability under the above-referenced causes of action, includes and

11
**REPLY IN SUPPORT OF MOTION TO DISMISS**

incorporates by reference, Rechnitz's UCL violations." (Opp. at 36.) Marco has not provided Rechnitz Defendants with *any* notice concerning what conduct is at issue let alone the particularized notice required by Rule 9(b). Thus, this claim should be dismissed.

## V. CONCLUSION

For the foregoing reasons, Jona Rechnitz and Rachel Rechnitz respectfully request that the Court grant their Motion to dismiss each of the causes of action alleged against them in Peter Marco's Amended Third-Party Complaint with prejudice.

Respectfully submitted,

Dated: June 29, 2020  **COHEN WILLIAMS LLP**

By: */s/ Brittany L. Lane*
Marc S. Williams
Reuven L. Cohen
Brittany L. Lane
Youngbin Son

*Attorneys for Third-Party Defendants,*
JONA S. RECHNITZ and RACHEL RECHNITZ

# DECLARATION OF BRITTANY L. LANE

I, Brittany L. Lane, declare as follows:

1. I am over the age of eighteen and am an attorney duly licensed to practice law in the State of California. I am an associate at Cohen Williams LLP and attorney of record for Third-Party Defendants Jona S. Rechnitz and Rachel Rechnitz (collectively, the "Rechnitz Defendants") in the above-captioned action.

2. I make this declaration in support of the Rechnitz Defendants' Motion to Dismiss the Amended Third-Party Complaint ("Motion"). This declaration is based upon my personal knowledge, unless otherwise stated, and on the files and records in this case. If called upon to testify as to the matters set forth in this declaration, I could and would do so.

3. On June 8, 2020, my colleague Marc Williams and I had a meet-and-confer call with Baruch C. Cohen, counsel for Defendants/Third-Party Plaintiffs Peter Voutsas aka Peter Marco, aka Peter Marco Extraordinary Jewels of Beverly Hills, dba Peter Marco LLC ("Peter Marco") to discuss a motion to dismiss. During the call, counsel for the parties discussed stipulating to a short, two-week extension of the June 15, 2020 deadline to respond to the third-party complaint.

4. On June 9, 2020, at 10:23 a.m., I sent an email to Mr. Cohen attaching a draft stipulation for his review and approval. When I did not hear back from Mr. Cohen, I sent a follow-up email at 6:07 p.m.

5. Later that evening, I spoke to Mr. Cohen via telephone regarding a separate issue. On that call, I raised the stipulation, noting that any stipulation would be subject to Court approval, which might not be instantaneous. Mr. Cohen represented to me that he had not had time to review the stipulation, and would likely not be able to turn to it the following day.

6. On June 15, 2020, my colleague Marc Williams emailed Mr. Cohen, copying me, and inquired as to what happened with the stipulation. At that time, Mr. Cohen said he would review it. My colleague informed Mr. Cohen that, given the Rechnitz Defendants'

response to the complaint was due that day, it was too late to file a stipulation, which may not get the requisite approval in time, and that we were going to proceed with filing.

7. On June 15, 2020, I caused the Motion to be filed.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on June 29, 2020, at Los Angeles, California.


By: /s/ *Brittany L. Lane*
Brittany L. Lane