Baruch C. Cohen, Esq. (SBN 159455)
**LAW OFFICE OF BARUCH C. COHEN**
  A Professional Law Corporation
4929 Wilshire Boulevard, Suite 940
Los Angeles, California 90010
(323) 937-4501     Fax (888) 316-6107
e-mail: baruchcohen@baruchcohenesq.com

*Attorney for Defendants/Third-Party Plaintiffs PETER VOUTSAS aka PETER MARCO aka PETER VOUTSAS, aka PETER MARCO EXTRAORDINARY JEWELS OF BEVERLY HILLS, dba PETER MARCO LLC*

# IN THE UNITED STATES DISTRICT COURT

# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID ROVINSKY LLC, a Delaware limited liability company, <br><br>Plaintiff, <br><br>PETER VOUTSAS aka PETER MARCO aka PETER VOUTSAS, aka PETER MARCO EXTRAORDINARY JEWELS OF BEVERLY HILLS, dba PETER MARCO LLC, <br><br>Defendants/Third-Party Plaintiffs, <br><br>vs. <br><br>JONA S. RECHNITZ, an individual; RACHEL RECHNITZ, an individual; LEVIN PRADO aka LEVON PRADO, an individual, <br><br>Third-Party Defendants. | USDC # 2:20-cv-02580-ODW-AS <br><br>Judge: Hon. Otis D. Wright II <br><br>**SECOND SUPPLEMENTAL DECLARATION OF BARUCH C. COHEN REGARDING THIRD-PARTY DEFENDANTS' MOTION FOR STAY OF PROCEEDINGS** <br><br>[Concurrently filed with Request for Judicial Notice and Proposed Order <br><br>Date: [Taken off Calendar] <br>Time: <br>Courtroom: 5D |

Third-Party Plaintiffs PETER VOUTSAS aka PETER MARCO aka PETER VOUTSAS, aka PETER MARCO EXTRAORDINARY JEWELS OF BEVERLY HILLS, dba PETER MARCO LLC ("Marco"), hereby submits this *Second Supplemental Declaration of Baruch C. Cohen Regarding Third-party Plaintiffs' Third-party Defendants' Motion for Stay of Proceedings*.

**SECOND SUPPLEMENTAL DECLARATION OF BARUCH C. COHEN
REGARDING THIRD-PARTY DEFENDANTS' MOTION FOR STAY OF PROCEEDINGS**
7/28-12:53pm

1  DATED: July 28, 2020          LAW OFFICE OF BARUCH C. COHEN
                                 A Professional Law Corporation
2

3                                By   /S/ Baruch C. Cohen
                                      Baruch C. Cohen, Esq.
4                                *Attorney for Defendants/Third-Party
                                 Plaintiffs PETER VOUTSAS aka PETER
5                                MARCO aka PETER VOUTSAS, aka PETER
                                 MARCO EXTRAORDINARY JEWELS OF
6                                BEVERLY HILLS, dba PETER MARCO LLC*

## SUPPLEMENTAL DECLARATION OF BARUCH COHEN

I, BARUCH C. COHEN, declare and state as follows:

1. The facts stated below are true and correct to the best of my personal knowledge and if called upon to testify to them, I could and would competently do so.

2. I am a member in good standing and eligible to practice before the following courts: California State Supreme Court; United States Court of Appeals - Ninth Circuit; Bankruptcy Appellate Panel; United States District Courts: Central District of California; Eastern District of California; Northern District of California; and Southern District of California.

3. I am the principal shareholder and President of The Law Office of Baruch C. Cohen, a Professional Law Corporation, located at 4929 Wilshire Boulevard, Suite 940, Los Angeles, California 90010.

4. I proudly represent Defendants/Third-Party Plaintiffs PETER VOUTSAS aka PETER MARCO aka PETER VOUTSAS, aka PETER MARCO EXTRAORDINARY JEWELS OF BEVERLY HILLS, dba PETER MARCO LLC.

5. This Supplemental Declaration is in support of **THIRD-PARTY PLAINTIFFS' OPPOSITION TO THIRD PARTY DEFENDANTS' MOTION FOR STAY OF PROCEEDINGS.**

6. Rechnitz's Motion for Stay was taken off calendar and taken under submission by this Court.

7. As noted in the Opposition to the Stay Motion, Marco presented evidence that Rechnitz made the exact same argument for a stay in the *Israel Sam Gorodistian vs. Jadelle Jewelry and Diamonds, LLC, Jadelle Inc., Jona Rechnitz, Rachel Rechnitz, Robert Rechnitz*, LASC # 20STCV07425 matter.

8. On 7-22-2020, LASC Judge Teresa Beaudet denied Rechnitz's Motion for a

Stay.[1]

9.  This Court should be made aware of Judge Beaudet's ruling when deciding on Rechnitz's identical motion in this case.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed July 28, 2020, at Los Angeles, California.

By /s/ Baruch C. Cohen
Baruch C. Cohen

---

[1] A true and correct copy of LASC Judge Teresa Beaudet's 7-22-2020 Order Denying Rechnitz's Motion for a Stay in the *Israel Sam Gorodistian vs. Jadelle Jewelry and Diamonds, LLC, Jadelle Inc., Jona Rechnitz, Rachel Rechnitz, Robert Rechnitz*, LASC # 20STCV07425 matter is attached hereto as Exhibit "1" and is incorporated herein by this reference. See the accompanying Request for Judicial Notice.

# EXHIBIT 1

**Superior Court of California**

**County of Los Angeles**

*Department 50*

FILED
Superior Court of California
County of Los Angeles
JUL 22 2020
Sherri R. Carter, Executive Officer/Clerk
By_____ Sally Fletcher _____ Deputy

| | |
|---|---|
| ISRAEL SAM GORODISTIAN,<br><br>  Plaintiff,<br><br>vs.<br><br>JADELLE JEWELRY AND DIAMONDS, LLC, et al.,<br><br>  Defendants. | Case No.:   20STCV07425<br><br>Hearing Date:   July 22, 2020<br><br>Hearing Time:   3:30 p.m.<br><br>[TENTATIVE] ORDER RE:<br><br>DEFENDANTS' MOTION FOR STAY OF PROCEEDINGS |

### *Background*

On February 20, 2020, Plaintiff Israel Sam Gorodistian ("Plaintiff") filed this action against Defendants Jadelle Jewelry and Diamonds, LLC ("Jadelle LLC"), Jadelle Inc., Jona Rechnitz ("Jona"), Rachel Rechnitz ("Rachel"), and Robert Rechnitz ("Robert"). Plaintiff asserts causes of action for conversion, civil theft, fraud, negligent misrepresentation, civil conspiracy to defraud, breach of contract, breach of written guaranty, and common counts.

Jadelle Inc., Jona, Rachel, and Robert (collectively, "Defendants") now move for a stay of all proceedings or, in the alternative, a stay of all discovery, for six months, at which time Defendants request a status conference to discuss the necessity of any further stay. Plaintiff opposes.

### *Evidence*

The Court grants Plaintiff's request for judicial notice as to Exhibits 1-8.

1

1   The Court rules on Plaintiff's evidentiary objections to the Declaration of Reuven L.
2   Cohen, the Declaration of Michael V. Schafler, and the Supplemental Declaration of Reuven L.
3   Cohen as follows:
4       Objection 1: sustained
5       Objection 2: overruled
6       Objection 3: sustained
7       Objection 4: sustained
8       Objection 5: sustained
9       Objection 6: sustained
10  **Discussion**
11  Defendants contend that a stay is warranted because Defendants are currently under
12  investigation by the FBI for the same alleged crimes underpinning Plaintiff's claims in the
13  instant lawsuit. Defendants argue that the existence of the criminal investigation makes it
14  impossible for them to defend themselves against Plaintiff's claims without compromising their
15  constitutional right against self-incrimination. Defendants characterize this as an "impossible"
16  choice. (Mot., p. 21.)
17  In arguing that a stay is appropriate, Defendants primarily rely on *Pacers, Inc. v. Superior*
18  *Court* (1984) 162 Cal.App.3d 686. In *Pacers*, civil defendants refused to answer deposition
19  questions in a civil suit by invoking their Fifth Amendment privilege against self-incrimination
20  while a criminal case pertaining to the same events remained open. (*Id.* at p. 687.) The trial court
21  subsequently entered an order prohibiting defendants from testifying at trial. The Court of
22  Appeal found that the trial court abused its discretion by imposing an order protecting only the
23  plaintiffs' interests. The Court noted that the trial court "forced petitioners to choose between
24  their silence and a meaningful chance of avoiding the loss through judicial process of a
25  substantial amount of property." (*Id.* at p. 689 [internal quotations omitted].) The Court held that:
26  "Where, as here, a defendant's silence is constitutionally guaranteed, the court should weigh the
27  parties' competing interests with a view toward accommodating the interests of both parties, if
28

2

possible. An order staying discovery until expiration of the criminal statute of limitations would allow real parties to prepare their lawsuit while alleviating petitioners' difficult choice between defending either the civil or criminal case." (*Id.* at p. 690.)

    The Court in *Pacers* did not hold that a stay should be granted as a matter of course whenever there are pending criminal charges. The law is clear that there is no entitlement to such a stay. (*Avant! Corp. v. Superior Court* (2000) 79 Cal.App.4th 876, 882; *People v. Coleman* (1975) 13 Cal.3d 867, 885 ["Whatever their response to requests for accommodation of the conflicting constitutional rights of a defendant in concurrent civil and criminal proceedings, courts have consistently refrained from recognizing any *constitutional* need for such accommodation. Rather, the alleviation of tension between constitutional rights has been treated as within the province of a court's discretion in seeking to assure the sound administration of justice." (emphasis in original)]); *Keating v. Office of Thrift Supervision* (9th Cir. 1995) 45 F.3d 322, 326 ["A defendant has no absolute right not to be forced to choose between testifying in a civil matter and asserting his Fifth Amendment privilege."].) Nevertheless, in order to weigh the competing interests, courts generally consider the following factors: "(1) the interest of the plaintiffs in proceeding expeditiously with this litigation or any particular aspect of it, and the potential prejudice to plaintiffs of a delay; (2) the burden which any particular aspect of the proceedings may impose on defendants; (3) the convenience of the court in the management of its cases, and the efficient use of judicial resources; (4) the interests of persons not parties to the civil litigation; and (5) the interest of the public in the pending civil and criminal litigation." (*Keating v. Office of Thrift Supervision, supra,* 45 F.3d at p. 325.)

    At the outset, the Court notes that the majority of Plaintiff's evidentiary objections have been sustained, which supports Plaintiff's argument that Defendants have failed to establish by admissible evidence that a criminal investigation is, in fact, pending against Defendants. Counsel for Defendants avers that on February 4, 2020, he received a draft complaint from an unidentified third-party that contained allegations "similar" to those in the instant action, and that this draft complaint named Defendants (including Jadelle LLC) as potential defendants. (Cohen

3

1  Decl., ¶ 8.) The draft complaint is not attached to the declaration, nor are there any facts
2  explaining the provenance of the draft complaint such that there is sufficient foundation for
3  counsel's conclusion that a police report had been filed with the Beverly Hills Police
4  Department. (Cohen Decl., ¶ 8.) Next, counsel for Defendants avers that a Detective Diamond of
5  the Beverly Hills Police Department "confirmed" that the allegations had been referred to the
6  FBI for criminal investigation. (Cohen Decl., ¶ 9.) To the extent that Detective Diamond's
7  statement is offered to prove the existence of a criminal investigation by the FBI, this is hearsay,
8  and there are no applicable exceptions. Counsel for Defendants then asserts that his office
9  reached out to the Los Angeles office of the United States Attorney's Office for the Central
10 District of California ("USAO"). (Cohen Decl., ¶ 10.) The USAO purportedly advised that
11 "public disclosure of facts related to this matter may adversely impact any investigation" and that
12 the USAO "joined in [Defendants'] request for a stay and agreed that [counsel] could represent
13 the same to the Court." (Cohen Decl., ¶ 10.) Again, this is hearsay.

    In reply, Defendants offer supplemental declarations purporting to plug the evidentiary
holes identified by Plaintiff. But as noted by Plaintiff in his objection to the reply, "new evidence
is not permitted with reply papers." (*Jay v. Mahaffey* (2013) 218 Cal.App.4th 1522, 1537.)
Therefore, the Court does not consider the new evidence submitted by Defendants in their
reply.

    Because the Court finds that Defendants have failed to establish that Defendants are
under criminal investigation for the same conduct as that alleged by Plaintiff in this action, the
Court finds that a stay of proceedings is not warranted.

**Conclusion**

    Based on the foregoing, Defendants' motion for stay is denied without prejudice.

    ~~Plaintiff is ordered to give~~ *Parties waived* notice of this ruling.

    DATED: July 22, 2020

4

_____
Hon. Teresa A. Beaudet
Judge, Los Angeles Superior Court

# CERTIFICATE OF SERVICE

I declare that I am a citizen of the United States and I am a resident and employed in Los Angeles, California; that my business address is 4929 Wilshire Boulevard, Suite 940, Los Angeles, California 90010; that I am over the age of 18 and not a party to the above-entitled action.

I am employed by a member of the United States District Court for the Central District of California, and at whose direction I caused service of the foregoing document entitled **SECOND SUPPLEMENTAL DECLARATION OF BARUCH C. COHEN REGARDING THIRD-PARTY DEFENDANTS' MOTION FOR STAY OF PROCEEDINGS** on all interested parties in this action by the method indicated below at the address stated below:

Marc S. Williams, Esq.
Cohen Williams, LLP
724 South Spring Street, 9th Floor
Los Angeles, CA 90014
Email: mwilliams@cohen-williams.com
*Attorney for Third-Party Defendants Jona S. & Rachel Rechnitz*

[X] **BY ELECTRONIC TRANSMISSION**: by electronically filing the foregoing with the Clerk of the District Court using its CM/ECF System pursuant to the Electronic Case Filing provision of the United States District Court General Order and the E-Government Act of 2002, which electronically notifies all parties in this case. A pdf version of this document was also transmitted to counsel via electronic mail at the mail address indicated above.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on July 28, 2020 at Los Angeles, California.

By: /s/ *Baruch C. Cohen*
Baruch C. Cohen